## COLEMAN, administratrix, *v.* HODGES *et al.*

1. Where a distributee as an heir at law, claiming funds in the hands of the administrators of a decedent, cited such administrators to a settlement in the court of ordinary, and where the administratrix of a legatee under the will of such decedent claimed said funds upon the ground that they had been bequeathed to such legatee by the will of such decedent, the court of ordinary was without jurisdiction to decide these conflicting claims, the decision involving the construction of the will of the decedent and other intricate questions of law.

2. The court of ordinary being without jurisdiction to decide the controversy just referred to, and the administratrix of the legatee, upon rendition of a judgment in the court of ordinary finding in favor of a distributee, having appealed the case to the superior court, the judge of said court properly dismissed the intervention of the administratrix of the legatee in the proceeding of the heir at law citing the administrators of the decedent to a settlement in the court of ordinary. While the trial judge improperly dismissed the appeal, and should have only dismissed the intervention of the administratrix of Wade H. Coleman, this does not require the grant of a new trial, as he dismissed both the

appeal and the intervention of this administratrix, and by the dismissal of such intervention the proper conclusion of the case on appeal was reached.

No. 6438. APRIL 16, 1928.

Appeal. Before Judge Daniel. Tattnall superior court. December 27, 1927.

*Dickerson & Kelley,* for plaintiff in error.

*W. T. Burkhalter* and *J. V. Kelley;* contra.

HINES, J. James R. Coleman enlisted in the United States army in 1918, and served in the World War. After enlistment he took out war-risk term insurance in the sum of $10,000, and made his mother the beneficiary thereof. He died testate on October 18, 1918. He left surviving him his mother, the beneficiary of said insurance, and ten brothers and sisters. One of his sisters is Edna E. Hodges. By his will he gave and devised to his brother, Wade H. Coleman, his half interest in all the property owned jointly by them under the firm name of W. H. and J. R. Coleman. He further devised and bequeathed to his said brother all other property, both real and personal, of which he died seized and possessed. The will contained this provision: "It is understood that any insurance that may be in force upon my life shall provide upon the face the beneficiary thereof, and it is my desire that same be paid as so designated." At the time of the execution of the will the testator had taken out insurance on his life in an old-line insurance company, in the sum of $2000, payable to his sister, Mattie Coleman; and at the time of his death this insurance was in force, and was collected and paid over to his said sister. The above war-risk term insurance was taken out after the execution of his will. Wade H. Coleman was named executor of the will. The will was duly probated, and the executor qualified. He partially administered the estate of the testator, but had not completed it at the time of his death. The mother of the insured died on February 5, 1926. On May 3, 1926, J. Coleman and John W. Kirkland were appointed administrators of the estate of James R. Coleman, and qualified as such. As such they received from the United States Government, on October 22, 1926, $7095, the balance due on said war-risk term insurance, which had not been paid to the mother, the beneficiary thereof. They received said sum as assets of the estate of their intestate. Edna E. Hodges,

as an heir at law of James R. Coleman, cited the administrators of James R. Coleman for a settlement in the court of ordinary. She claimed a share of such insurance money as such heir at law. Wade H. Coleman died intestate on July 24, 1920. Administration was taken out upon his estate, and all of his estate, except his alleged interest in said war-risk term insurance, was administered, and his administrator discharged on April 30, 1925. On August 4, 1927, Mary Bryan Coleman, his widow, was appointed administratrix de bonis non upon his estate. As such administratrix she intervened in said proceeding in the court of ordinary, and claimed said funds, upon the ground that the same had been bequeathed by James R. Coleman in his will to her husband, Wade H. Coleman; and she prayed that said war-risk term insurance funds be awarded to her as such administratrix upon the estate of her husband. The issue thus formed was tried in the court of ordinary, and resulted in a judgment in favor of the plaintiff, Edna E. Hodges, for the portion of said funds which would go to her as an heir at law of James R. Coleman, if said funds did not pass to Wade H. Coleman or his estate under the will of James R. Coleman. The case was appealed to the superior court by the administratrix of Wade H. Coleman, and was submitted to the judge of the superior court, without the intervention of a jury, upon agreed facts as hereinbefore stated. Edna E. Hodges moved to dismiss the appeal and caveat of the administratrix of Wade H. Coleman, upon the ground, among others, that the ordinary was without jurisdiction to try the claim set up by said administratrix. The judge sustained that motion, and the administratrix of Wade H. Coleman excepted.

1. The only question which we are called upon to decide is, whether the court of ordinary was without jurisdiction to pass upon the claim of the administratrix of Wade H. Coleman to the war-risk insurance involved in this case. Edna E. Hodges, as one of the heirs at law of James R. Coleman, claims a distributive share of these insurance funds as assets of the estate of James R. Coleman. The administratrix of Wade H. Coleman asserts· that these funds were given and bequeathed by James R. Coleman under his will to Wade H. Coleman; and that as the administratrix of the latter she is entitled to recover the same from the administrators of James R. Coleman. Courts of ordinary in this State

have original, exclusive, and general jurisdiction of the distribution of deceased persons' estates. Civil Code, § 4790; *Hobby* v. *Ford*, 149 *Ga.* 176, 180 (99 S. E. 624). "Any person interested as distributee or legatee may, after the expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts." Civil Code, § 4073. "Upon proof of such citation by a distributee, the ordinary may proceed to make an account, hear evidence upon any contested question, and settle finally between the distributee and the administrator." § 4074. The plaintiff claims that as heir at law of her intestate brother she is entitled to a distributive share of the funds in the hands of his administrators, arising from the war-risk term insurance taken out by him as a soldier of the United States in the World War, the mother of the insured being named in the policy of insurance as the beneficiary of such insurance, and she having died before she received all of the monthly payments under the policy of insurance. To secure an accounting for such distributive share the plaintiff cited the administrators to a settlement before the court of ordinary. The administratrix of Wade H. Coleman intervened in this proceeding and claimed all of these funds, upon the ground that the insured had by his will bequeathed them to his brother, the said Wade H. Coleman. Under the sections of the Code above cited, did the court of ordinary have jurisdiction to decide these conflicting claims? To do so involved the construction of the will of the insured, the terms of which are set out above. The settlement of this dispute between the plaintiff and the intervenor further involves the construction and application of the World's War Veterans Act of 1924, as amended. The sections of the Code above referred to furnish a remedy by which a distributee can call an administrator to an accounting, or by which a legatee can call an executor to an accounting, to see what the heir or legatee is entitled to receive after costs of administration and debts are all paid. In *Cook* v. *Weaver*, 77 *Ga.* 9, 13, this court said: "The truth is, that when the administrator is called to account before the ordinary under sections 2598 et seq. [now § 4073], it is to make an account, to see what each heir or distributee is entitled to receive after cost of administration and debts are all paid, and to issue execution for such sum, or by attachment for contempt to coerce the payment. And such is his jurisdiction

against executors in favor of legatees. But we do not believe that it is within the scope of the ordinary's powers, under these sections of our Code, to construe intricate bequests and settle legal questions which are with difficulty adjusted by the ablest of the judiciary sitting on the bench of the superior courts as chancellors." In *Knowles* v. *Knowles,* 132 *Ga.* 806, 811 (65 S. E. 128), this court said: "The court of ordinary may inquire into whether a will has been made; but if the terms of that will are in doubt, a court of equity is the proper court wherein may be ascertained the meaning of the testator as expressed in the will." In support of this proposition the court cited *Drane* v. *Beall,* 21 *Ga.* 21; *Cook* v. *Weaver,* supra.

So we are of the opinion that under the sections of the Code above referred to the court of ordinary has jurisdiction only to make an administrator or executor account to a distributee or legatee for his share in the estate of an intestate or testator, and to decide only such questions as may be necessary to secure such accounting; but the court of ordinary is without jurisdiction to decide conflicting claims to funds in the hands of an administrator or executor, where there is no dispute as to the status of the distributee or legatee, and where the only dispute is as to the question whether the heir at law takes because of intestacy as to certain funds, or whether the legatee takes because the fund in dispute passed under the will of testator to such legatee. The controversy in this case being between an heir at law, who claims a share in certain property because the testator had died intestate as to it, and by a legatee who claims such property upon the ground that it passed to him under the will, the court of ordinary was without jurisdiction to determine this controversy; and upon an appeal from the judgment of the court of ordinary in which that court undertook to settle this controversy, the judge of the superior court did not err in dismissing said appeal and intervention upon the ground that the court of ordinary was without jurisdiction to entertain the intervention of the administratrix of the legatee who set up the claim of her intestate to such funds.

2. Where the trial court has no jurisdiction of the subject-matter of a cause, the appellate court has none, except to annul by reversal the illegal proceedings below, and can not remand the case to the trial court, nor retain the case for further proceedings.

*Austell* v. *Atlanta,* 100 *Ga.* 182, 186 (27 S. E. 983). The court where the case originated being without jurisdiction to try it, no appeal could properly be taken from the judgment rendered in that court, and all proceedings thereunder are void. *Southern Railway Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (4) (50 S. E. 488). Where the court of ordinary was without jurisdiction to entertain the claim of the administratrix of Wade H. Coleman, the only proper disposition which the superior court could have made of the appeal was to dismiss the intervention of the administratrix. *McHenry* v. *Mays,* 110 *Ga.* 299 (34 S. E. 1010). While the trial judge improperly dismissed the appeal, this does not require the grant of a new trial, as he dismissed both the appeal and the intervention of the administratrix, and by the dismissal of such intervention the proper conclusion of the case on appeal was reached.

*Judgment affirmed. All the Justices concur.*