COLEMAN *v.* HARRISON *et al.*

No. 6707. JULY 12, 1929. REHEARING DENIED AUGUST 7, 1929.

*Dickerson & Kelley,* for plaintiff in error.

*P. M. Anderson, W. T. Burkhalter,* and *J. V. Kelley,* contra.

HILL, J. One phase of this case was before this court on a former occasion (*Coleman* v. *Hodges,* 166 *Ga.* 288 (142 S. E. 875). It was there held that the court of ordinary was without jurisdiction to construe the will of the decedent. The present case involves the proper construction of the will of James R. Coleman, which is set out fully in the foregoing statement of facts, and the application of what is known as the war-risk insurance act of Congress. By item 3 of his will the testator devised and bequeathed to his brother, Wade H. Coleman, all of his interest in the property belonging jointly to testator and his brother under the name of W. H. & J. R. Coleman, consisting of farm lands, cattle, mules, and farming implements, located upon the farm, the same being testator's undivided half interest of the property belonging to the above named firm. Item 4 of testator's will is as follows: "I further devise and bequeath to my said brother, Wade H. Coleman, all other property, both real and personal, of which I may die seized and possessed. It is understood that any insurance that may be in force upon my life shall provide upon the face the beneficiary thereof, and it is my desire that same be paid as so designated." The record discloses that at the time the testator executed his will he had a policy of insurance in an "old-line company," payable to his sister, Mattie Coleman; and it was paid to her accordingly. There is no contention as to that insurance policy. Subsequently to the execution of his will the testator secured war-risk insurance in the amount of $10,000 and "made it payable as provided in the war-risk insurance act, and designated his mother, Mrs. Mattie Jones Kirkland, the beneficiary thereof." This appears from the agreed statement of facts. Mrs. Mattie J. Kirkland, the beneficiary named in the application for the war-risk insurance, died on February 5, 1926, not having received the entire amount of the war-risk insurance at the time of her death, and the balance thereof was collected and received by the administrators de bonis non cum testamento annexo of the estate of James R. Coleman. The contest arises here between the heirs at law of James

R. Coleman as to the balance of the war-risk insurance money and the administrator of Wade H. Coleman, who died before having fully administered the estate of James R. Coleman. The war-risk insurance act as found in 36-38 U. S. Code Ann., title 30, § 514, so far as applicable here, is as follows: "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, or survives the insured and dies prior to receiving all of the 240 installments or all such as are payable and applicable, there shall be paid to the *estate of the insured* [italics ours] the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award." It therefore seems clear from the war-risk insurance act that if the designated beneficiary dies prior to receiving all of the installments, or all such as are payable and applicable, "there shall be paid to the estate of the insured" the value of the monthly installments thereafter payable, etc. On the death, therefore, of Mrs. Mattie J. Kirkland, who had not received all of the war-risk insurance, the balance became a part of the estate of James R. Coleman; the testator, subject to be disposed of according to the terms of his will. Of course the familiar rule in the construction of wills is to ascertain the intention of the testator. Civil Code (1910), § 3900; *Fraser* v. *Dillon, 78 Ga.* 474 (3 S. E. 695); *Shoup* v. *Williams, 148 Ga. 747* (98 S. E. 348). What, then, was the intention of the testator as to the disposition of the remainder of his estate after the specific legacies had been declared? In the fourth item of his will, which is quoted above, the testator declares that he devised and bequeathed to his brother, Wade H. Coleman, "all other property, both real and personal, of which I may die seized and possessed." From what has been said above with reference to the war-risk insurance act we think there can be no doubt that the war-risk insurance money uncollected by the testator's mother at the time of her death became the property of James R. Coleman's estate, and that the war-risk insurance money was *"property"* within the meaning of the law. In *Wayne* v. *Hartridge, 147 Ga. 127* (92 S. E. 937), this court held: "Where a testator bequeathed all his property, real and personal, of which he died seized and possessed (except a portrait), to his wife

to the exclusion of his children by a former marriage, and the widow as executrix administered all the estate, which consisted, so far as then known, solely of the personal property which was in actual possession of the testator at the time of his death; and where after the death of the executrix an administrator de bonis non cum testamento annexo . . of the testator was appointed and qualified, who collected a ' claim ' for ' longevity pay ' due to the testator for services rendered as a cadet of the Military Academy of the United States, and as an officer of the U. S. army, but payment of which had been withheld, on account of an erroneous construction of the law by the disbursing officers of the United States, until after the death of the testator, such claim was *property* within the meaning of the will, and the testator was ' seized and possessed ' of it at the time of his death, and it passed under his will to his widow; and on her dying childless and intestate before the claim was collected, it descended to her heirs at law under the statute of distributions." The *Wayne* case is in point, although in that case the widow and beneficiary under the will died intestate. Here, James R. Coleman, did not die intestate, but undertook by his will to dispose of "all other property, both real and personal, of which I may die seized and possessed." We are of the opinion that he died seized and possessed of the property in controversy, i. e., the balance of the war-risk insurance money, and that it was disposed of by item 4 of his will. Item 6 of that will also throws light upon testator's intention to make his brother, Wade H. Coleman, his sole legatee, with the exception of the insurance policy. Item 6 declares: "I hereby constitute and appoint the said Wade H. Coleman the sole executor of this my last will and testament, and I expressly confer upon him the power, as such, to administer my estate, and he shall not be required to give bond as such executor, and shall not be required to make any returns to the court of ordinary of said county; in other words, after filing and probate of this will, he shall be authorized to take charge and possession of my said estate as his own, without further judicial proceedings." Here again the testator evinces a clear intention of giving the balance of his estate, whatever it is, to his brother, without any further judicial proceedings; and as we have already held that the balance of the war-risk insurance money was a part of his estate, that balance becomes the property of Wade H. Coleman, and the latter

having died before receiving it, his administrator is entitled to collect it as a part of the estate of Wade H. Coleman. We are therefore of the opinion that it was error for the trial judge to render judgment finding that the war-risk insurance, "that is the sum of money realized therefrom, to wit, $7,095, did not pass under the will of J. R. Coleman, but should be distributed among the brothers and sisters of the said J. R. Coleman, or their heirs, according to the rights of inheritance." See Palmer v. Mitchell, 117 Ohio St. 87 (158 N. E. 187). We are also of the opinion that the trial court did not err in holding that the one-tenth interest of J. R. Coleman in the dower lands mentioned in the petition did pass under the will and is the property of the widow and children of Wade H. Coleman. Of course any judgment of the trial court giving effect to the judgment obtained in the court of ordinary, as held in the case of *Coleman* v. *Hodges,* supra, is of no force.

*Judgment reversed. All the Justices concur.*