HODGES *v.* COLEMAN *et al.,* administrators.

No. 7656. NOVEMBER 11, 1930.

*W. T. Burkhalter,* for plaintiff in error.

*Kelley & Dickerson,* contra.

HILL, J. This is the third appearance of this case in the Supreme Court. *Coleman* v. *Hodges,* 166 *Ga.* 288 (142 S. E. 875); *Coleman* v. *Harrison,* 168 *Ga.* 859 (149 S. E. 141). In 166 *Ga.* 288, this court held: "Where a distributee as an heir at law, claiming funds in the hands of the administrators of a decedent, cited such administrators to a settlement in the court of ordinary, and where the administratrix of a legatee under the will of such decedent claimed said funds upon the ground that they had been bequeathed to such legatee by the will of such decedent, the court of ordinary was without jurisdiction to decide these conflicting

claims, the decision involving the construction of the will of the decedent and other intricate questions of law." In 1927 J. Coleman and J. W. Kirkland as administrators of the estate of J. R. Coleman, deceased, filed an equitable petition in the superior court of Tattnall County, praying for a construction of the will of J. R. Coleman, for direction as to the distribution of certain real property belonging to J. R. Coleman as an heir at law of his mother, and for direction as to the distribution of the remainder of the proceeds of a war-risk term insurance policy taken out by J. R. Coleman, and made payable to his mother, the latter having died before the insurance was fully paid. The judgment of the trial court construing the will and making a distribution of the property was excepted to and the case brought by writ of error to the Supreme Court, where the judgment of the lower court was reversed. *Coleman* v. *Harrison*, 168 *Ga.* 859. This court there held: "Under the war-risk insurance act, where the beneficiary dies before receiving all of the installments of the war-risk insurance, the remainder 'shall be paid to the estate of the insured.' The remainder of the uncollected war-risk insurance, after the death of the named beneficiary, passed, under item 4 of testator's will, to his brother, Wade H. Coleman; and the latter having died before receiving it, his administrator can collect it. . . The trial judge erred in holding that the remainder of the war-risk insurance money, after the death of the named beneficiary, did not pass under the will of testator to his brother, Wade H. Coleman; and, on his death, to his administrator, to be administered under the statute of distributions; and in holding that the judgment of the court of ordinary should be enforced, etc."

When the case was returned for another hearing the plaintiff in error in that case asked the court to rule on the demurrer to the original petition, and made a motion to dismiss her as a party to the case, claiming that the demurrer and motion to dismiss were not passed upon by the trial court before the judgment on the merits of the case under an agreed statement of facts. The bill of exceptions in the case when it was before the Supreme Court on a former occasion (168 *Ga.* 859) recites that a demurrer was filed, and it does not appear that any motion was made or exception taken to the failure of the court to pass upon the demurrer, and the motion to dismiss the plaintiff in error as a party. The trial court in the in-

418

stant case passed upon the demurrer and the motion to strike, overruling both, and entered judgment construing the will and ordering a distribution of the property of J. R. Coleman in conformity with the ruling of this court when the case was here in *Coleman* v. *Harrison*, 168 *Ga.* 859. Whereupon the plaintiff in error made a motion for a new trial, which was overruled, and she excepted. She excepted also to the judgment overruling the demurrer and the motion to strike the name of the plaintiff in error as a party to the case.

■ It was not error to overrule the demurrer to the petition and to refuse to strike the name of the plaintiff in error as a party.

■ All the other questions raised in the case were decided by this court adversely to the plaintiff in error when the case was formerly before the court. *Coleman* v. *Hodges,* 166 *Ga.* 288; *Coleman* v. *Harrison,* 168 *Ga.* 859. The court did not err, in the instant case, in any of the rulings complained of, for any reason assigned. *Judgment affirmed. All the Justices concur.*