No. 12,781.

ESTATE OF JONES.

REILLY *v*. WRIGHT ET AL.
(297 Pac. 990)

Decided February 24, 1931. Rehearing denied March 16, 1931.

Mr. Morton M. David, Mr. John C. Vivian, for plaintiff in error.

Messrs. Yeaman, Gove & Huffman, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Mrs. Margaret M. Reilly, a residuary legatee under the will of Emitt Bryant Jones, deceased, here seeks a review of the judgment of the Denver district court which awarded $6,271.48, balance due under a federal war risk insurance policy issued to deceased pursuant to an act of Congress approved October 6, 1917, to personal representatives of Rachel Caroline Jones, mother of deceased, whom the court held was entitled thereto by virtue of a specific bequest of the deceased.

The matter is presented here upon an agreed statement of facts, which, among other things, discloses that Emitt Bryant Jones was a soldier in the United States Army during the World War and was issued a war risk insurance policy for $10,000, his mother, Rachel Caroline Jones, being named beneficiary therein. The terms and conditions of the policy were "subject in all respects to provisions of such act [October 6, 1917] and of any amendments thereto * * * now in force or hereafter adopted." By an amendatory act of March 4, 1925, and made retroactive as of October 6, 1917, it was provided

that "if * * * the beneficiary * * * dies prior to receiving all of the two hundred and forty installments * * * there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable."

Jones died testate April 12, 1925, leaving him surviving his mother, Rachel Caroline Jones, other heirs at law and Mrs. Margaret M. Reilly, his executrix and residuary legatee. His will, admitted to probate June 1, 1925, provided:

"After all my just debts are paid and discharged, I give, devise and bequeath to my mother, Rachel Caroline Jones, of Rome, Georgia, my U. S. Government War Risk insurance policy of $10,000.00.

"All the rest of my estate, real or personal I give, devise and bequeath to Mrs. Margaret M. Reilly, of the City and County of Denver, State of Colorado, for her kindness in caring for me during my entire sickness covering a period of years.

"I hereby make, constitute and appoint Mrs. Margaret M. Reilly, of the City and County of Denver, State of Colorado, to be the Executrix of this My Last Will and Testament, and request that she serve without bond."

Mrs. Jones, mother and beneficiary under the policy, died September, 1928. Until her death, she had continuously received the monthly payments due her as beneficiary named in the policy. Upon her death, the balance $6,271.48 due under the policy was paid to the estate of the deceased insured. The contest over this fund is between Mrs. Reilly, residuary legatee under the will, and the heirs of Rachel Caroline Jones.

The record is silent as to whether Rachel Caroline Jones died testate or intestate. The county court ordered that the fund be held for the personal representatives of Rachel Caroline Jones and this order was affirmed by the district court.

Plaintiff in error contends that upon the death of Ra-

chel Caroline Jones, her right as legatee in the balance of her son's war risk insurance lapsed and the residuary legatee thereby became entitled thereto. There is no merit in this contention.

■ The war risk insurance law made all policies of insurance issued thereunder "subject to amendments thereto in force or hereafter adopted." The amendatory act of March 4, 1924, made retroactive as of October 6, 1917, provides: "If * * * the beneficiary * * * dies prior to receiving all of the two hundred and forty installments * * * there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable." By virtue thereof, immediately upon the death of the beneficiary the balance then remaining unpaid immediately vests in the heirs at law of the deceased soldier if he died intestate or in the legatees thereof, if he died testate.

■ In this case, the insured soldier died testate, his mother, Rachel Caroline Jones, beneficiary in the policy and legatee under his will him surviving. The balance of insurance in his estate must be paid out pursuant to the provisions of his will. The intention of the testator as expressed therein was plain, specific and unambiguous, namely, that upon his death his mother was to receive "my U. S. Government War Risk Insurance Policy of $10,000.00." Any other construction of the testator's intention would be impossible and absurd. *Nusly v. Curtis,* 36 Colo. 464, 85 Pac. 846.

We have recently been called upon to determine rights arising under a similar war risk insurance policy and our opinion therein is conclusive of the question here presented although in that case the insured soldier died intestate. *Garland v. Anderson,* 88 Colo. 341, 296 Pac. 1023, decided February 9, 1931.

The identical question here determined was similarly decided by the supreme court of California in *Pinegar v. McGee,* 294 Pac. 37, decided December 15, 1930.

The judgment of the district court was right and is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.