FRANK MONZILLO, ADMINISTRATOR, (ESTATE OF CHARLES DECARLO) *vs.* MARY PELOSI ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 7th, 1932—decided February 21st, 1933.

*Frederick C. Smedley* and *Michael J. Galullo,* with whom, on the brief, was *Theodore V. Meyer,* for the appellants (defendants).

*J. Warren Upson* and *Timothy S. Sullivan,* for the appellee (plaintiff).

MALTBIE, C. J.   Charles DeCarlo was a veteran of the World War and as such became entitled to receive and dispose of certain sums amounting to $57.50 per month under the War Risk Insurance Act.   43 U. S. Stat. at Large, p. 624, as amended.   He died March 29th, 1920.   In his will he named various beneficiaries to receive the insurance, among them being a sister, who was to receive $10 a month and an aunt who was to receive $17.50 per month, until the whole amount of insurance due had been paid.   The will also gave a legacy to the aunt and left to her "all my personal belongings not herein mentioned, and any real or personal property that I have not herein disposed of." The sister died January 24th, 1927, and there was paid to the administrator c. t. a. of the estate of DeCarlo the commuted value of the remaining unpaid instalments of the insurance which she would have received had she lived, amounting to $1188, and from this sum the expenses of the administration of DeCarlo's estate have been deducted, leaving a balance of $903.94. The aunt died March 21st, 1931, and there was paid to the administrator c. t. a. the commuted value of

the remaining unpaid instalments of the insurance which she would have received had she lived, amounting to $1477. The two sums so paid to the administrator are now held by him and the questions which arise in this case concern their proper distribution. It is claimed on the one hand, that the sums should be distributed to the estate of the aunt, as DeCarlo's residuary legatee, and on the other, that they should be distributed as intestate estate of DeCarlo.

The case was heard upon an agreed statement of facts and is somewhat lacking in details as to the origin and nature of the insurance payable upon De-Carlo's death. No copy of the certificate of insurance appears in the record. The parties have assumed that the certificate contained a provision that it was subject to all the terms of the Act under which it was issued and of any amendments thereto and that these provisions became a part of the contract. See *White* v. *United States*, 270 U. S. 175, 180, 46 Sup. Ct. 274. It was stipulated that the insurance was payable under the War Risk Insurance Act, 43 U. S. Stat. at Large, p. 624 (Chap. 320, 1924), as amended, 43 U. S. Stat. at Large, p. 1308 (Chap. 553, 1925), (38 U. S. C. A., § 511). The War Risk Insurance Act in its original form provided that the insurance under it should be payable only to a spouse, child, grandchild, parent, brother or sister. 40 U. S. Stat. at Large, p. 409, § 402 (Chap. 105, 1917). In 1924 this provision was amended and since has read as follows: "The insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person." 43 Stat. at Large, p. 624, § 300. The 1925 Act contains a section (§ 303, p. 1310), amendatory of previous provisions but to be effective

as of October 6th, 1917, as follows: "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured during his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, such value to be computed as of date of last payment made under any existing award."

In *Singleton* v. *Cheek*, 284 U. S. 493, 497, 52 Sup. Ct. 257, the Supreme Court of the United States interpreted the provision last quoted in its relation to the portion of § 300 which we have also quoted as follows: "By that amendment, the rule, which, upon the happening of the contingencies named in the prior Acts, limited the benefit of the unpaid installments to persons within the designated class of permittees, was abandoned, and 'the estate of the insured,' was wholly substituted as the payee. All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the State of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary." The opinion then goes on to point out that the State courts, with almost entire unanimity, have reached the same conclusion, a statement which our own examination of their decisions confirms. In view of the interpretation so placed upon the Act of Congress no good purpose would be served by a discussion of

the terms of that Act, but consideration of them has led us to a like result.

In *Singleton* v. *Cheek* the court had before it a situation where the insured had died intestate and the same is true with regard to most of the decisions in the State courts. The case before us goes further, and we must determine whether, where the insured leaves a will sufficient in its terms to bequeath to a beneficiary named therein, the commuted value of the instalments unpaid at the death of a beneficiary will pass under that will. We see no reason to question that they will. Congress was content with providing that, on the happening of any of the contingencies specified, the commuted value of unpaid instalments "shall be paid to the estate of the insured," without stating how it should be thereafter disposed of. That was left to be determined by the law of the domicil of the insured. Had Congress intended that the money should be distributed only in accordance with the intestate laws of that domicil it might, and in all probability would, have so provided. If, under the law of that domicil, it would pass under a will of the insured, we can see no ground in the statute or in reason for restricting the disposition of the fund to the laws governing intestacy. This accords with the conclusions reached in several other jurisdictions. *Ogilvie's Estate*, 291 Pa. St. 326, 334, 139 Atl. 826; *Fisher's Estate*, 302 Pa. St. 516, 153 Atl. 736; *In re Tiffany's Will*, 244 N. Y. Sup. 255, 261; *Coleman* v. *Harrison*, 168 Ga. 859, 149 S. E. 141; *Jones' Estate*, 88 Colo. 386, 297 Pac. 990. The case of *In re Smith's Estate*, 253 N. Y. Sup. 825, does not hold to the contrary, but denied the application of the rule in the particular situation then before the court.

The provision in DeCarlo's will by which he gave to his aunt "any real or personal property that I have

not herein disposed of" was in the nature of a general residuary gift sufficient in itself to carry the commuted value of unpaid instalments which under the Act were payable upon the death of a beneficiary to the administrator of his estate. *Hartford Trust Co.* v. *Wolcott,* 85 Conn. 134, 139, 81 Atl. 1057; *Hartford-Aetna National Bank* v. *Weaver,* 106 Conn. 137, 142, 137 Atl. 388; *Stanley* v. *Stanley,* 108 Conn. 100, 109, 142 Atl. 851. The commuted value of the unpaid instalments coming to the administrator as the result of the death of DeCarlo's sister would unquestionably pass to his aunt as residuary legatee. The same would be true with reference to the unpaid instalments coming to the administrator as the result of the death of the aunt unless the fact that she was herself the beneficiary named to receive them in the first instance would be sufficient to bring about a different result. In *In re Smith's Estate, supra,* the Surrogate Court in New York held that where in a certificate of insurance the insured designated his wife as beneficiary, the commuted value of the unpaid instalments would not be distributed to her estate under a residuary clause in his will, but we cannot follow the reasoning of that decision, based as it is upon the premise that the fund did not come into being until the beneficiary's death. The possibility that the beneficiary may die before all the instalments due have been paid, creates an interest in the commuted value of the unpaid instalments which is in existence at the death of the insured. The situation presented is not materially different from that where a life tenant falls within the description of the residuary legatees to whom is given the remainder interest in the property enjoyed by him, and in such a case it has been held that the fact of his being life tenant will not by implication exclude him from the residue. *Perry* v. *Bulkley,* 82

Conn. 158, 168, 72 Atl. 1014; *City Bank & Trust Co.* v. *McCaa,* 213 Ala. 579, 105 So. 669. So it is not dissimilar from a situation where a remainder interest is given to the heirs or next of kin of the testator after a life estate and the life tenant is the sole heir or next of kin, in which situation we have held that unless a contrary intent appears in the will the remainder interest will pass to the estate of the life tenant. *Rand* v. *Butler,* 48 Conn. 293; *Thomas* v. *Castle,* 76 Conn. 447, 452, 56 Atl. 854; and see *Union & New Haven Trust Co.* v. *Ackerman,* 114 Conn. 152, 158 Atl. 224. The will before us, instead of indicating an intent that the estate of the aunt should not receive the fund under the residuary clause, indicates the contrary. The provision which designated her as a participant in the War Risk Insurance bequeathed to her "$17.50 per month until the entire amount is paid," which indicates the testator's desire that she should have the benefit of the entire amount of the portion of the war insurance so allotted to her. We therefore conclude that the commuted value of the unpaid instalments to which she would have been entitled had she lived also passed to her estate under the residuary clause of the will.

The trial court was therefore correct in its judgment that the plaintiff pay the avails of both the funds in his hands as administrator to the estate of the aunt.

There is no error.

In this opinion the other judges concurred.