**FERNEAU et v UNCKRICH, Admr**

Ohio Appeals, 6th Dist, Lucas Co

No 2728. Decided March 6, 1933

George N. Fell, Toledo, James V. Easley, Toledo, and C. B. Thornton, Toledo, for plaintiffs in error.

Smith, Beckwith, Ohlinger & Froehlich, Toledo, for defendant in error.

RICHARDS, J.

This case involves the federal statute providing for War Risk Insurance and a construction of the will of Frank D. Ferneau, deceased. As originally enacted by Congress the beneficiaries of War Risk Insurance were confined to certain permitted classes, specified in the statute. We think it clear, however, that no class had a vested right to the insurance, and it is settled that Congress had power to amend the statute and make the change retroactive. The statute is contained in U. S. Code, Compact Edition, 1250, §514, as amended March 4, 1925, and reads as follows:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured or survive the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment, made under any existing award: Provided, That all awards of yearly renewable term insurance which were in course of payment on March 4, 1925, shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this chapter. When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, That no award of yearly renewable term insurance made to the estate of a last surviving beneficiary prior to March 4, 1925, shall be affected by the foregoing provisions. In cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

By its terms, the statute shall be deemed to be in effect as of October 6, 1917, a date prior to the death of Frank D. Ferneau.

This statute has been many times before the courts and it has been determined that by its provisions the earlier rule which limited the benefit of the unpaid insurance to persons within certain designated classes has been abandoned by the present statute and the estate of the insured substantiated as the payee. Under this statute all unpaid insurance becomes assets of the estate of the insured upon his death and in the absence of a will would pass to his heirs like other personal property. As has been well said in Mason's Admr. v Mason's Guardian et, 39 SW, 2nd, 211, 213:

"This sum is a part of the personal estate of the soldier, it is payable to and is receivable by his personal representative, and, with the exception of not being subject to his debts, to be administered just like any other personal estate of the soldier * * *."

It is apparent from the will of Frank D. Ferneau that it was his intention to bequeath to his brother, S. W. Ferneau, all the money and personal property which the testator possessed. The language manifestly includes his claim on the government for the War Risk Insurance and he did not die intestate as to that. Upon the death of the soldier in 1919 the installments were payable to the designated beneficiary, S. W. Ferneau, during his life and upon his death the commuted value would be payable to the soldier's administrator for the benefit of the widow and children of the legatee, S. W. Ferneau.

A great many cases construing the War Risk Insurance statute have been determined by the courts, of which we cite only a few:

Ogilve's Estate, 291 Pa. St., 326;
Singleton, et v Cheek et, 284 U. S., 493;
White v United States, 270 U. S., 175;
Gunn v Yancey et, 33 SW, 2nd, 1029;
Coleman v Harrison et, 168 Ga., 859;
In re Tiffany's Will, 244 N. Y. S., 255;
In re Jones' Estate, 297 Pac., 990;
**Palmer et v Mitchell, Admr et, 117 Oh St, 87.**

The trial court held that the administrator of the soldier should pay the amount of the fund remaining to the administratrix of S. W. Ferneau, deceased. That holding is correct and the judgment will be affirmed.

WILLIAMS and LLOYD, JJ, concur.