23111. GEIGER *v.* ELMORE, administrator.

JENKINS, P. J. The war-risk insurance act of Congress, as amended March 4, 1925 (36-38 U. S. C. A., title 30, § 514), provides that, "if no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, or *survives the insured and dies prior to receiving all of the 240 installments or all such as are payable and applicable,* there shall be paid to the *estate of the insured* the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award" (italics ours), and further provides that "this section shall be deemed to be in effect as of October 6, 1917." Under this act, "*where* the beneficiary dies before receiving all of the installments of the war-risk insurance, the remainder shall be paid to the estate of the insured, . . and the heirs or distributees must be ascertained as of the date of the insured's death." *Tolbert* v. *Tolbert,* 41 *Ga. App.* 737 (2) (154 S. E. 655). See also *Coleman* v. *Harrison,* 168 *Ga.* 859, 866 (149 S. E. 141). Consequently, in a contest between the stepmother of the insured, also the widow of a designated beneficiary who died before receiving all insurance installments due under the policy, and the administrator of the estate of the insured, the stepmother (notwithstanding her care and nurture of the insured from his infancy like a natural son) was not legally entitled to any of the unpaid remainder of the insurance; and the judge, trying the case without a jury by agreement of the parties upon the stipulated facts, did not err in rendering a judgment for the administrator of the insured.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 24, 1934.

*P. M. Anderson,* for plaintiff.
*E. C. Elmore, O. C. Darsey,* for defendant.