### PARK et al. v. PARK et al.
#### No. 2298.

District Court, N. D. Georgia, Atlanta Division.
Feb. 24, 1941.

Harvey J. Kennedy, of Barnesville, Ga., and Haas, Gardner, Lyons & Hurt, of Atlanta, Ga., for plaintiffs.

Beck, Goodrich & Beck, of Griffin, Ga., and Arnold, Gambrell & Arnold, of Atlanta, Ga., for defendants.

RUSSELL, District Judge.

Defendants by motion to dismiss assert that this Court has no jurisdiction of the subject-matter of the suit upon the ground that it appears from the petition that W. C. Park is being sued as guardian of Thomas Leon Park and Edna Mae Park Fowler, and that the relief sought is an accounting from him in his representative capacity and a distribution of the trust funds which he had charge of and was administering as guardian.

It is asserted that the Court of Ordinary of Pike County [which Court had granted an order discharging the guardian from his trust] and the Superior Court of Pike County, Georgia, are the only Courts having jurisdiction of the subject-matter of the suit. It is further urged that the judgment of dismissal of the guardian can only be set aside by a direct proceeding in the State Court and is not subject to the present attack, denominated collateral.

The petition attacked, by its allegations, presents a case where wards within a few days after attaining majority were induced by the concealment of material facts and misrepresentations upon the part of their guardian, who was also their uncle and had been their guardian since they were left orphans at the age of five (5) and three (3) years, respectively, to execute to the guardian receipts and releases which he used as evidence to obtain a judgment of dismissal as guardian from the Court of Ordinary of Pike County, Georgia, from which Court the true condition of affairs was fraudulently concealed.

Numerous items of mismanagement and misrepresentation and concealment are recited, and it is alleged that the judgment of discharge was obtained by fraud both upon the petitioners and upon the Court of Ordinary. The suit was filed less than four

(4) years from the time the wards became of age. It was prayed that the receipts and releases executed by the ward be cancelled, and that the judgment of discharge be set aside, and that the petitioners have a general accounting with their former guardian, and a recovery against him and his bondsmen for specified items.

The suit is instituted within three (3) years after the rendition of the judgment of discharge. Under Georgia law the petition is timely and the receipts in themselves are not binding unless it be made to appear that they evidenced a final settlement after a full exhibit of the guardian's accounts and with a full knowledge by the ward of his legal rights. When attacked within four (4) years, the receipts are not even prima facie evidence of settlement. However, the judgment of discharge of the guardian by the Ordinary is binding until set aside for fraud.

While not conceding that the allegations of fraud are sufficient, movants do not seriously contend that the petitioners would not be entitled as a matter of substantive law to maintain the petition in the State Courts, they predicating their argument on the ground that this Court is without jurisdiction to enforce the State statutes. It is unquestionably true that by the statutes and decisions of the Courts of Georgia the present proceeding is authorized and could be maintained in the Superior Courts of the State of Georgia, and this without recourse to the Court of Ordinary which granted the judgment of discharge. See Georgia Code of 1933, Sections 37-709, 37-219, 37-220; Poullain v. Poullain, 76 Ga. 420, 447, 4 S.E. 92; Jordan v. Harber, 172 Ga. 139, 157 S.E. 652; Pass v. Pass, 98 Ga. 791, 25 S.E. 752; Ellis, Administrator, v. Hogan, Administrator, 147 Ga. 609, 95 S.E. 4.

Considerable discussion is had by counsel for both parties as to Federal decisions dealing with the jurisdiction of the Federal Courts to administer the probate law of the State in which such courts are held. However, even in matters of strict probate the Courts of the United States in administering the rights of citizens of other States will enforce such remedies as the State law, statutory or customary, gives to the citizens of the State. Farrell v. O'-Brien, 199 U.S. 89, 110, 25 S.Ct. 727, 50 L.Ed. 101. See, also, Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260. It should be borne in mind that there is a difference between questions arising strictly in probate, concerning wills and administrations of estates, descent and distribution, and relative rights of heirs, legatees and creditors, and the relations between guardian and ward at the time of settlement. In such an instance, the suit is inter partes and does not concern probate.

As illustrative, the statutes of Georgia, doubtless in recognition of the practical termination of the necessity for guardianship by the arrival of the ward at majority, provide that upon failure of the guardian to settle and account with his ward upon his coming of age, such ward may institute his suit in the first instance against his guardian and sureties, even without first suing his guardian. Georgia Code, Section 49-236. While the Court of Ordinary is given authority to require a settlement and accounting between guardian and ward, in Georgia it has never been considered necessary that this method of settlement be exhausted before proceeding by suit. It is evident from the provisions of the statute law of Georgia that the suits authorized by the ward against the guardian are not a continuance of the proceedings in the Court of Ordinary.

In the present instance, each item of recovery sought against the guardian and his sureties relate to a monetary claim and specified devastavits complete in themselves, and the establishment of which and the amounts thereof relate to matters which can be finally adjudicated in this action without reference to or interference with any control which should be exclusively exercised by the Court of Ordinary as a probate court.

If it be first determined, as it is now held, that the judgment of the Court of Ordinary may be set aside in this Court for fraud, the after effects present no case involving the application of comity between Courts or the attempted taking of property out of the custody of a State Court. This for the very good reason that under the facts alleged, in the absence of an order of dismissal of the guardian, the petitioners could under the facts alleged maintain this suit without reference to the proceedings in the Court of Ordinary, and for the additional reason that the recovery sought in this suit is of moneys owing the petitioners which have never come within the custody of the Court of Ordinary and some of which it is alleged the guardian fraudulently appropriated to his own use.

█ The Superior Courts of the State of Georgia have concurrent jurisdiction with the Courts of Ordinary in the settlement of accounts of administrators [Georgia Code, Section 113-2203], and equity jurisdiction "where the account is of a trust fund" [Georgia Code, Section 37-301].

█ While the jurisdiction of United States Courts will not be permitted to be enlarged or restricted in general by State statutes or decisions, it is interesting to observe that the Supreme Court of Georgia has impliedly held that upon a timely application for removal, a proceeding in the Court of Ordinary for the settlement of accounts of guardian and ward would be removable from the Court of Ordinary to the District Court of the United States under the Removal Act of Congress of 1875. See Stafford v. Hightower, 68 Ga. 394(4-a), 398.

█ The facts of this case clearly differentiate it from Robinson v. Georgia Savings Bank & Trust Co., 5 Cir., 106 F.2d 944, for as pointed out in that case the relief there sought was only such as could be maintained in the administration of the estate by the executor. In this case, where no question of comity is involved and under the applicable facts and law there is no question of probate or administration involved, the correct rule would seem to be the well-settled rule that where the State Courts have held that a suit in equity could be maintained in the Courts of the State, the same suit can be maintained in the Federal Court having jurisdiction in other respects. Singer Sewing Machine Company v. Benedict, 229 U.S. 481, 33 S.Ct. 942, 57 L.Ed. 1288. Where a general rule as to property or personal rights, or injuries to either, is established by a State statute, its enforcement by a Federal Court in a case between proper parties is a matter of course. Chicago & Northwestern Railway Company v. Whitton, 13 Wall. 270, 286, 20 L.Ed. 571; Ex parte McNeil, 13 Wall. 236, 20 L.Ed. 624. See, also, the exhaustive citations and decision in Grover v. Merritt Development Co., D.C., 7 F.2d 917.

It follows that this Court has jurisdiction of the present controversy and the motions to dismiss therefore will be denied.

█ The petitioners have filed a motion to dismiss the first defense set out by W. C. Park and corresponding defenses urged by the other defendants upon the ground that these defenses present and constitute no valid defense to the action. It is argued that the recitals of facts by the defendants in this defense merely recite the substantial allegations of the petition and that if the petition sets forth a cause of action this defense urged by defendants of estoppel by judgment can not be maintained. This defense is not· thus construed by the Court. It is rather a denial of any fraud either upon the wards or the Ordinary, and this issue of fraud or no fraud is one of the material questions in the case, and the defendants are entitled to urge and to prove this defense, and if it be successfully maintained, would prevent the setting aside of the judgment of discharge which, if valid, would constitute a bar to the petitioners' claim. For this reason, the motion of petitioners is denied.