HOWARD *et al.* v. DAVIS *et al.*

No. 13757.   JULY 8, 1941.

*H. W. McLarty,* for plaintiffs.

*Judson Andrews, Duke Davis,* and *Claude Shaw,* for defendants.

REID, Chief Justice. ■ This is a proceeding in equity by the widow and minor children of Sherman Howard, deceased, seeking to set aside a judgment of the court of ordinary discharging the administrator of the estate of Howard, and seeking a judgment against the administrator and his surety for the amount of money alleged to have been received as the proceeds of the estate and paid to creditors. Among other things it is alleged that the administrator practiced a fraud on the court of ordinary in procuring his appointment, in that in his application he failed to disclose that the deceased left the plaintiffs surviving him as next of kin. A record of all proceedings in connection with the administration in the court of ordinary is attached to the petition, and it appears that they were regular in all respects on their face, and that the applicant for appointment as administrator represented himself to be a creditor. As such he was among those entitled to be appointed "where no application shall be made by the next of kin." Code, § 113-1202 (5). But the alleged fraud in his appointment is apparently urged only by way of inducement to show that his discharge was fraudulently procured; for it is not sought to set aside his appointment. Instead judgment is prayed against him as administrator, and his surety. It is not alleged by the plaintiffs that the claimed indebtedness of the decedent paid out by the administrator was not actually due and did not represent bona fide claims against the estate. It is suggested that if the plaintiffs had known of the appointment of the administrator (and we presume of the existence of the estate), application might have been made in their behalf for a year's support. But they do not now seek to subject the estate as for a year's support, or to restore it so that it might in a proper proceeding be so subjected. They merely seek a judgment in their behalf as heirs at law, without, as pointed out above, negativing the validity of the debts which the ordinary's records showed consumed the estate. If the debts were valid claims, they of course were properly paid ahead of the heirs. Code, §§ 113-1508, 113-1509. Although a judgment for year's support would have ranked ahead of the debts (§§ 113-1002, 113-1508), the mere fact that these plaintiffs by relationship occupied a position which would entitle them to apply for and obtain such a judgment would

not entitle them, without having it allowed in the only way provided by law (Code, § 113-1001 et seq.), to have a recovery against the administrator and his surety. A year's support to be enforceable must be manifest in a judgment. It is not in existence as such until such judgment. *Grant* v. *Sosebee,* 169 *Ga.* 658, 663, 664 (151 S. E. 336).

■ The plaintiffs contend, however, that the funds in the estate which were administered and paid to creditors were exempt from such claims, and therefore that if they could have the judgment in the court of ordinary set aside they would as heirs at law be entitled to judgment. The petition alleges and the exhibits from the court of ordinary show that these funds were derived from a war-risk insurance policy issued under the provisions of an act of Congress, U. S. C. A., title 38, § 512. This section, after providing that the insured may designate a beneficiary to receive the proceeds of such policy, contains the following provisions: "Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries, but only within the classes herein provided. If no beneficiary within the permitted class be designated by the insured as beneficiary for converted insurance granted under the provisions of article IV of the war-risk insurance act, October 6, 1917, chapter 105, Fortieth Statutes, pages 409 and 410. or part III of this chapter, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments; or if the designated beneficiary survives the insured and dies before receiving all of the installments of converted insurance payable and applicable, then there shall be paid to the estate of such beneficiary the present value of the remaining unpaid monthly installments." No allegation is made as to who was named beneficiary in such policy. Presumably it was payable to or collectible by his estate, since its proceeds came into the hands of the administrator. Our own courts have dealt with instances where the beneficiary under such a certificate failed to survive the insured, or if surviving failed to collect all accrued installments due under it during his life, and in such cases found that under the terms of the act the proceeds of such certificate were payable to the estate, regardless of who

survived. *Coleman* v. *Harrison,* 168 *Ga.* 859 (149 S. E. 141); *Geiger* v. *Elmore,* 48 *Ga. App.* 314 (172 S. E. 749); *Tolbert* v. *Tolbert,* 41 *Ga. App.* 737 (154 S. E. 655). These decisions, while perhaps embracing the general ruling that the funds became a part of the estate for distribution under the laws of this domicile, were not dealing specifically with creditors. The Supreme Court of South Carolina in Whaley v. Jones, 152 S. C. 328 (149 S. E. 841), held broadly that funds received from this source by an administrator became part of the general estate of the decedent, and as such were subject to the payment of debts. The United States Supreme Court denied certiorari. 280 U. S. 556. Counsel do not cite any provisions of the acts of Congress or any decision relied on to sustain the claim of exemption. In Pagel v. Pagel, 291 U. S. 473, 476 (54 Sup. Ct. 497, 78 L. ed. 921), the Supreme Court of the United States held that funds arising from this source when paid to the estate are not so exempt, stating: "It is clear that the statute does not extend the exemption beyond the insured and beneficiary." Accordingly this contention is without merit.

Many other questions are made in the record; but since the petition was fatally defective for the reasons pointed out, consideration of them will not be necessary. The general demurrers were properly sustained. *Judgment affirmed. All the Justices concur.*