**PARK et al. v. PARK et al.**

No. 10022.

Circuit Court of Appeals, Fifth Circuit.

Nov. 12, 1941.

Reuben R. Arnold and B. P. Gambrell, both of Atlanta, Ga., and L. P. Goodrich, of Griffin, Ga., for appellants.

Leonard Haas, of Atlanta, Ga., and Harvey J. Kennedy, of Barnesville, Ga., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was by appellees against their guardian and his sureties to recover $13,-580.59,[1] notwithstanding releases given him by them after their majority, and his discharge by judgments of the Court of Ordinary. The claim was that the releases and the discharges were procured by fraud.

Urging that the suit was a collateral attack upon the judgment of a probate court, defendants moved to dismiss it for want of jurisdiction. For their defenses to the merits, they set up; the releases and the judgments of the Court of Ordinary; specifically and fully denied the charges of fraud and concealment; and pleaded that the estate had been fully and fairly administered; that full and fair settlement upon a full and fair accounting had been made; and that this was not the Court nor the occasion to demand another accounting.

The motion to dismiss was denied, D.C., 37 F.Supp. 185, and upon defendant's demand there was a trial to a jury, with a verdict and judgment for plaintiffs for $5,000. Defendants are here urging as reversible error, the denial of their motion to dismiss and the giving and refusal of charges, and insisting that the judgment

---

[1] (A) Shortage unreturned interest on bonds ........ $ 2,856.00

(B) Shortage in balancing Annual Return .......... 826.71

(C) Shortage in accounting for all of principal of Meansville bonds ....... 742.02

(D) Shortage Ollie Park rent 100.00

(E) Wrongful investment in Griffin Banking Co., resulting in loss 45% of $9,869.61 or $4,441.32 less $247.70 later paid Proof of $247.70 dividend ................. 4,193.62

(F) Failure to take out year's support in Mother's estate, minimum allowance under Georgia law 500.00

(G) Failure to have furniture set aside out of Mother's estate as year's support allowed under Georgia law ................... 187.72

(H) Failure to secure all ward's funds from Mother's estate............ 556.27

(I) Wrongful investment, under Georgia law, in alleged purchase of one-third interest in land... 1,282.00

(J) Notes of Mrs. T. W. Park wrongfully paid under Georgia law.......... 184.50

(K) Cotton sold illegally..... 1,546.52

(L) Other property sold illegally, which total items in paragraph 44......... 505.23

Total amount sued for...$13,580.59

may not stand because the verdict was without support in the evidence. No attempt is made in the briefs of the parties to draw any distinction between the right of plaintiffs to maintain this kind of suit against Park, and their right to maintain it against his sureties. We will therefore, since the judgment is to be reversed, not attempt to draw any, but will treat the suit as though it had been brought against Park alone, and the reversal will be without prejudice to the rights of the sureties if they are so minded to again present their motion to dismiss.

■ Treating the case as one brought against Park, we cannot agree that denial of the motion to dismiss for want of jurisdiction was error. Neither the ground, that the suit was one to administer the guardianship and therefore exclusively one for the Court of Ordinary, nor the ground that the suit was a collateral attack upon the judgment of the state court, was well taken. There are some broad allegations and prayers in the petition which give color to appellant's claim, that the suit is one for a full accounting and final settlement with the guardian and covers "exactly the function of the Court of Ordinary", Robinson v. Georgia Bank & Trust Co., 5 Cir., 106 F.2d 944, 948, and that it is therefore not a suit maintainable in the federal court. Construed as a whole however, the pleading asks no more than was asked in Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260; Arrowsmith v. Gleason, 129 U.S. 86, 101, 9 S.Ct. 237, 32 L.Ed. 630; Edenborn v. Wigton, 5 Cir., 74 F.2d 374 and cases cited therein. In short, paraphrasing what we said in the Edenborn case, the suit is not a suit "controlling, supervising or annulling proceedings of a state court, it is a personal suit in which the federal court scrutinizing the conduct of defendant, will, if it finds that he has been guilty of fraud or imposition in obtaining the decree and the instruments of transfer or settlement he relies on, deprive him of the benefits of them and of any inequitable advantage he has derived under them."

■ On the second ground, that the suit is one to set aside a judgment for intrinsic rather than extrinsic fraud, and therefore not maintainable, appellant stands no better. For putting aside the question whether the ruling of the Throckmorton case, United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93, has not been sometimes too rigidly followed, in the face of

Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; Cf. Publicker v. Shallcross, 3 Cir., 106 F.2d 949, 126 A.L.R. 386, the claim fails here because if there was any fraud in obtaining the judgments, it was fraud extrinsic of them. The judgment in the case of each ward was based on the release given by the ward and if there was fraud in obtaining the release, this fraud was certainly extrinsic to the judgments.

■ We think it clear however, that though the jurisdictional point is not well taken, the judgment must be reversed for errors in the submission to the jury. Of these one of the most fundamental and far reaching, was the submission of the issue of fraud. The suit was brought on allegations of actual fraud of their guardian, in concealing the true state of the affairs of his wards, for the purpose of obtaining releases from them and judgments discharging him. Appellants, in appropriate charges, requested the submission of the issue of fraud thus raised, and by objection to the main charge, sought to prevent the submission of the issue of constructive fraud, as the court charged it, "any act of omission or commission contrary to legal or equitable duty, to the injury of another, where actual fraud implies moral guilt, constructive fraud may exist where there is moral innocence." Refusing defendants' charges and overruling their objections to the main charge, the district judge, instead of submitting to the jury, the issue, the pleadings made, whether there was actual fraud in procuring the releases and the judgments, submitted the cause to them as in effect a suit for an accounting, liability depending not on fraud but upon the exact state of the accounts. Thus, the issue of the suit was made to turn not upon whether the jury found that their guardian had actually defrauded them but upon whether the jury found that there was money due the wards on an accounting, and this, wholly without regard to the bona fides or honest intent of the guardian in accounting to and settling with them. This, as we understand the law generally, will not do when the suit is, as here, not one in the proper court for an accounting but in another court to set aside the judgment of that proper court. Particularly will it not do in Georgia where the precise question has been ruled against plaintiff, Abercrombie v. Hair, 185 Ga. 728, 196 S.E. 447; in part interpreting and in part distinguishing

Poullain v. Poullain, 76 Ga. 420, 4 S.E. 92, on which appellees rely.

■ Instead of charging upon constructive fraud as was done in the main charge appellants' requested Charges 1, 6 and 14,[2] or similar charges should have been given. For the same reason, that the suit was not one for an accounting, but to set aside releases and judgments for fraud, it was error too for the court to charge as it did, that when property or money is shown to have come into the custody of the guardian and an attack is made upon his guardianship or the management of the estate, it is incumbent upon him to show that it has been properly and legally expended or paid out and disbursed. Instead, appellants' instruction No. 11,[3] should have been given.

■■ It was error too to submit over defendants' objection, an issue of whether the monies, which had been deposited in the Griffin Bank and partly lost there through the bank's failure, had been placed there as an investment, that is, a permanent loan of money. The evidence is undisputed that the funds were not time deposits, made without right to withdraw them, but temporary deposits, withdrawable at the will of the guardian and therefore the guardian was not liable for losses due to the bank's failure, unless in choosing the bank or in allowing the funds to remain there, he had not acted in good faith and with diligence. Instead of the charge he gave on that issue, appellants' charge No. 12, should have been given.[4]

■ It was error too for the court to submit to the jury the issue of the liability of the guardian for failure to apply in their mother's estate for the setting aside of a year's support. The suit was one sounding in fraud. It was not for an accounting. If the failure to obtain the award was a failure for which in a proper accounting the guardian would be liable, and there is much to be said for appellants' view that the application for the allowance was discretionary with the guardian and that their requested Charge 13 should have been given, the failure to apply for it was not fraud or any indication of fraud or of any misappropriation or concealment of the property of his wards. For until such allowances were actually set aside, they were not the property of the minors and there could be no fraudulent misappropriation of them. Howard v. Davis, Ga.Sup., 15 S.E.2d 865.

■ Defendants did not move for a directed verdict for want of evidence and the specification of error that the verdict is without support in the evidence, presents no error for our cognizance. In view of another trial, we think we should say though, that it was not and will not

---

[2] 1. "If the jury believe from the evidence that Thomas Leon Park and Edna Mae Park Fowler, either or both, after becoming 21 years of age, made a final settlement with their guardian, the defendant W. C. Park, and it has been made to appear that the same was made after a full exhibit of all the guardian's accounts, with full knowledge by the wards of his or her legal rights, and if the jury believe that no fraud was practiced upon the wards by the guardian,—then such settlement, when complied with by the wards and the balance as agreed upon in the settlement paid over to the wards, is binding upon the wards, and if you believe such to be the case here, there can be no recovery by the wards after such settlement."

6. "If you find that an order of the Court of Ordinary was passed granting defendant W. C. Park a discharge and that no fraud was practiced in connection with the obtaining of the order by W. C. Park, either upon the wards, or either of them, or upon the court, then there can be no recovery in this case."

14. "The jury is instructed that the plaintiffs in this case would in no event be entitled to recover unless it first be shown that the judgment of the Court of Ordinary of Pike County, Georgia was fraudulently obtained, and this rule applies irrespective of whether the plaintiffs received all they were entitled to receive or less than they were entitled to receive in the settlement in the Court of Ordinary."

[3] 11. "The jury are instructed that the burden is on the plaintiffs in this case to show by a preponderance of the evidence that the defendants are liable to them in some sum of money and if they fail to show this to your satisfaction by a preponderance of the evidence, they cannot recover any sum."

[4] No. 12. "The jury are instructed that a guardian who exercises ordinary care in placing a sum of money belonging to the wards, which sum may be drawn out under the terms of the deposit at any time, is not liable to the wards upon the failure of the bank if under all of the circumstances the jury think that the guardian was in the exercise of ordinary care and prudence in selecting the bank as a place in which to deposit the money."

be sufficient for plaintiffs to show, merely discrepancies or mistakes in defendants' accounts, or an underpayment and that on a new accounting, they might obtain more, their burden was and will be to show fraud, of concealment or of misappropriation, and if the evidence shows no fraud in the sense of a wilful imposition, knowingly practiced upon them, the case they have brought will not be made out. In short, if the evidence on another trial raises the issue of fraud, the jury should be instructed that though they should believe that their guardian has not fully accounted to plaintiffs for all monies coming into his hands, still they could not find for plaintiffs, if this failure to account was due to an honest, good faith, oversight or misunderstanding, and was not the result of deliberate imposition, concealment or betrayal of trust or of inattention to and neglect of duty so gross as to amount to a deliberate betrayal of trust.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.