JOHN COUGHLIN *et al.*, plaintiffs in error, *vs.* ALVIN K. SEAGO, defendant in error.

A trust to a man for the sole use of his wife, determines at the death of the husband. The wife then becomes *ipso facto* the legal owner of the estate, and she being a *feme sole*, a judgment against her binds it, so that a purchaser at sheriff's sale of the property under such judgment, gets a good legal title.

Trusts. Husband and wife. Judgment. Before DENNIS F. HAMMOND, Esq., Judge *pro hac vice.* Fulton Superior Court. April Term, 1874.

Coughlin, in his own right, and as next friend for his minor children, brought complaint against Seago for two lots of land in the city of Atlanta. The record fails to disclose any plea. The evidence made this case :

On September 23d, 1862, one Edwin Payne conveyed the premises in dispute to "John Withers, as trustee for his wife, Mary Withers, free from the debts or alienation of him, and for her sole and separate use." The deed further recited that said John Withers was to hold said property "to the only proper use, benefit and behoof of her, the said Mary Withers, her heirs, executors, administrators and assigns, in fee simple." John Withers, the trustee, died in 1864. Mary Withers, the *cestui que trust,* died in December, 1867, leaving Selina Coughlin, the late wife of the plaintiff, and Walter S. Withers, as her only heirs-at-law. On October 24th, 1867, one Rush Pratt recovered a judgment against said Mary Withers and Walter S. Withers, and had the execution based thereon, levied on the property aforesaid. At the sale under said levy it was purchased by John R. Wallace, who subsequently conveyed the same to the defendant.

The court charged the jury as follows: "By the terms of said deed (from Payne to John Withers, as trustee) the trust determined on the death of John Withers, the husband and trustee, and the property described therein was thenceforth subject to the debts of Mary Withers by a general or common

law judgment, and if they believed such a judgment had been obtained, and the property had been regularly sold under it, and defendant held title under said sale, it legally passed the title out of Mary Withers and her heirs, notwithstanding the terms of said deed from Edwin Payne."

The jury found for the defendant. The plaintiff assigns the charge aforesaid as error.

GARTRELL & STEPHENS; RICHARD H. CLARK, for plaintiffs in error.

COLLIER, MYNATT & COLLIER; THRASHER & THRASHER, for defendant.

McCAY, Judge.

The existence of a trust, without any necessity for such an exception to the ordinary legal title to property, has always, since the statute of uses, been contrary to the policy of the law. It is to the public interest that if one have the entire beneficial interest in property and be fully *sui juris*, under no disability, the law should, in all respects, treat the title as a legal one; and the rule is uniform that when the purposes of a trust have ceased and the beneficiaries are of full age and free from disability, the estate shall, by operation of law, become a legal estate: Code, sections 2313, 2314. The object of this trust deed was, upon the face of it, solely to protect the property against the marital rights of the husband, and preserve it for the use of the wife during the coveture. At the death of the husband the whole purpose of the trust was at an end. Had the wife, under the old law, married again, her second husband would have taken the property in fee. It follows, therefore, that the wife was as completely the legal owner of this property when she became a widow as though she had then first got it by a purchase of it, and any judgment obtained against her bound it as it would any other property to which she had a legal title. There was no necessity to procure a judgment as prescribed in section 3378 of the Code

for subjecting trust property to debts. It was not trust property at all. The title was a legal one and passed, and was bound as any other legal title would pass or be bound. We think, therefore, that the charge of the court was right, and the verdict right.

Judgment affirmed.