## MURRAY *et al. v.* McGUIRE.

A petition by the sole heirs at law of the maker of a deed, to cancel the deed, is properly dismissed where it appears therefrom that the grantor left a will devising the same land, which will has been offered for probate, and a caveat thereto filed by the heirs at law, and the issue thereby made is still pending and undetermined in the court of ordinary.

Submitted May 28,—Decided August 14, 1907.

Equitable petition. Before Judge Parker. Glynn superior court. December 5, 1906.

Lucretia Murray and Charles T. Murray filed their petition in Glynn superior court against John J. McGuire, praying the cancellation of a certain deed. The salient features of the petition are, that the plaintiffs are the widow and son, respectively, of John Murray, late of Glynn county, deceased, and are his sole heirs at law. The defendant is his nephew. It is alleged that the defendant claims that John Murray, on May 17, 1900, signed, sealed, and delivered to him, upon an alleged consideration of one thousand dollars, a deed to a described lot of land. The deed was recorded on June 21, 1900. It is further alleged that no actual consideration passed, and that the deed was never in fact signed, sealed, and delivered; but if it was signed and delivered by him it was void, because at the time of its execution John Murray was an imbecile and non compos mentis. It is charged, that, in pursuance of a scheme to acquire the property of John Murray, the defendant, in September, 1903, procured him to make an alleged will, by the terms of which the plaintiff Charles T Murray was bequeathed a nominal sum, and the plaintiff Lucretia Murray a life-estate in his realty, with remainder to the defendant. John Murray died on November 18, 1905. The alleged will had been filed in the court of ordinary of Glynn county for probate, and the plaintiffs had filed thereto in that court a caveat on the

grounds of undue influence, and want of capacity in the deceased to make a will, which caveat is now pending in that court. The plaintiffs were in possession of the land described in the deed at the time of its alleged execution, and have since been continuously in its possession. Copies of the deed and will are attached to the petition, and from the copy of the will it appears that plaintiff Lucretia Murray and the defendant are the nominated executors. The petition prayed that the deed be delivered up for cancellation, and for general relief. When the case was called for trial, the defendant made an oral motion to dismiss the petition, on the ground that no cause was set out. The motion was sustained.

*D. W. Krauss* and *F. H. Harris,* for plaintiffs.

*Bennet & Conyers,* for defendant.

EVANS, J. (After stating the facts,) The plaintiffs sue as heirs at law of John Murray; yet their petition discloses that he left a last will and testament, which has been offered for probate, and a caveat thereto filed, which is still pending and undetermined in the court of ordinary. If the will be admitted to probate, the land therein devised would pass under the will, and the plaintiffs, as distributees of John Murray, would have no interest in it. The will purports to convey the same land described in the deed. The petition is silent as to the person who offered the will for probate, but most probably it was offered by the defendant, because he was one of the nominated executors, and the devisee of the testator's entire estate in remainder, and the only person interested in the estate except the plaintiffs, who are objecting to the probate of the will. If the will is probated upon the application of the defendant, it may be that he would be put to his election to claim under the will or the deed. Civil Code, §4013. If the will be probated, the maximum interest in the land which the widow can claim thereunder would be only a life-estate, and a subsequent controversy may arise between herself and the defendant as to the validity of the deed sought to be canceled in this proceeding. In this controversy her coplaintiff would have no interest; and her right to prosecute the suit would be, not as a distributee, but as a legatee under the will, or as a dowress. Hence the plaintiffs, as heirs at law, can not maintain this proceeding to cancel the deed until it is determined that the decedent from whom they claim to derive their title died intestate. This issue can not

be collaterally tried in the superior court in the present proceeding. The court of ordinary has exclusive and original jurisdiction in the matter of the probate of wills. Civil Code, §4232. Where a will has been proved in common form, the judgment of probate can not be collaterally impeached in the superior court by any pleading attempting to raise the issue of devisavit vel non. *Maund* v. *Maund*, 94 *Ga.* 479 (20 S. E. 360); *Langston* v. *Marks*, 68 *Ga.* 435. The superior court has no power to set aside a will which has been admitted to record. *Tudor* v. *James*, 53 *Ga.* 302. For a stronger reason the superior court is without jurisdiction to interfere with the court of ordinary in the probate of a will, in order to determine whether the person under whom the plaintiffs claim died testate or intestate.

As no cause of action was set out in the petition, the defendant could take advantage of the point by a motion in the nature of a general demurrer. *Crew* v. *Hutcheson*, 115 *Ga.* 534 (42 S. E. 16); *O'Shields* v. *Ga. Pacific Ry. Co.*, 83 *Ga.* 621 (10 S. E. 268, 6 L. R. A. 152). *Judgment affirmed. All the Justices concur.*