TURNER *v.* HOLBROOK *et al.*

FISH, C. J.  1.  A petition was brought by one claiming to be the only heir at law of the grantor in two deeds conveying certain realty.    One of the prayers of the petition was for the cancellation of the instru-

ments because of alleged mental incapacity of the grantor to execute them, and of fraud in procuring their execution. It appeared from the petition that a paper purporting to be the last will of the grantor, bearing a date subsequent to the dates of the deeds, and devising to the grantees in the deeds the same property conveyed thereby, had been probated in common form in the court of ordinary of the county where the decedent resided at the time of her death; that upon the demand of the petitioner this paper was offered in that court for probate in solemn form, the ·petitioner filing a caveat upon the ground that the alleged testatrix, at the time the will purported to have been executed, did not have testamentary capacity, and was fraudulently and unduly influenced by such devisees to undertake to execute a will; and that the case had been appealed by consent from the court of ordinary to the superior court, where it was pending at the time the petition was brought. *Held*, that the petition did not set forth a cause of action, and was properly dismissed on general demurrer. *Murray* v. *McGuire,* 129 *Ga.* 269 (58 S. E. 841).

2. The petition was not brought for injunctive relief in aid of the proceedings begun in the court of ordinary and pending on appeal in the superior court; there was no prayer for an injunction pendente lite, although there was a prayer for permanent injunction. The evident purpose of the petition, as exhibited by the prayers thereof, was for the cancellation of the deeds, "and that the will of said [the testatrix] be declared null and void, and that it be set aside, and that she be decreed and declared to have died intestate," and "that the will case now pending in the superior court in said county . . be merged into this case, and that all the questions, matters and things herein at issue, be fully settled in this equitable proceeding." The court of ordinary has exclusive jurisdiction of the probate of wills (Civil Code of 1910, § 3853), and therefore probate proceedings pending on appeal in the superior court can not be absorbed and disposed of by the petition in this case. Equity has no jurisdiction of fraud in the execution of a will. Ib. § 4621.       *Judgment affirmed. All the Justices concur.·*

AUGUST 16, 1916.

Equitable petition. Before Judge Pendleton. Fulton superior court. May 7, 1915.

*J. S. James* and *J. R. Bedgood,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins* and *R. B. Blackburn,* for defendants.