ELLIOTT *v.* JOHNSON.

No. 9802. FEBRUARY 14, 1934.

*William K. Miller* and *Thomas L. Hill,* for plaintiff.
*Hammond & Kennedy,* for defendant.

BECK, P. J. Rosa M. Elliott brought her petition in the superior court against Milo Johnson, and alleged in substance that Julia Elliott, sister of the plaintiff, was the owner, prior to her death, of certain real estate in the City of Augusta; that in November, 1929, she made and published her will, in which she devised the property in question to petitioner; that on January 12, 1932, she made a second will, in which the same property was bequeathed to Milo Johnson, and on February 19, 1932, she made a deed conveying the same property to Milo Johnson on certain conditions set out in

the deed. Thereafter she died. Both wills were filed in the court of ordinary of Richmond County, but no attempt has been made to probate either of them. The plaintiff alleged that the second will of Julia Elliott was void, because of lack of testamentary capacity at the time of its execution, and because of undue influence on the testatrix by the defendant in its procurement; that the deed was void, because it was procured in the same fraudulent manner; and that there was a breach of conditions subsequent contained in the deed. The prayers were for a decree cancelling all of the instruments above referred to, and that the court decree the property to belong to the plaintiff. By amendment it was contended that the deed of February, 1932, adeemed the legacy in the will of January, 1932, and that the deed which it was claimed adeemed the legacy was void on account of fraud and other facts alleged; and it was prayed that the property in question be declared to be that of the petitoner.

The court sustained the general demurrer and dismissed the case, and petitioner excepted.

The court did not err in so ruling. It is a general rule that a court of equity is without jurisdiction to determine the validity of wills and to cancel them. The determination of this question is a matter exclusively within the jurisdiction of the court of ordinary. In *Harris* v. *Tisereau,* 52 *Ga.* 153 (21 Am. R. 242), this principle was laid down in the following language: "But the jurisdiction of the ordinary over the probate of wills, appointing administrators and executors, and generally of matters pertaining to intestate and testate estates, is, and always has been in this State, exclusive. This is the positive provision of the Code, . . and has been the constant practice and ruling of the courts from time immemorial." And in *Sperber* v. *Balster,* 66 *Ga.* 317, it was said: "The court of ordinary has exclusive jurisdiction of the probate of wills, and a will can not be proved and admitted in evidence in a contest under it in the superior court." In the Code of 1910, § 3853, it is provided that "The court of ordinary has exclusive jurisdiction over probate of wills. The residence of the testator at his death gives jurisdiction to the ordinary of that county." In the case of *Israel* v. *Wolf,* 100 *Ga.* 339 (28 S. E. 109), it was said: "It being within the power of the ordinary of any county to compel the filing in his office of any paper purporting to be the last will and testament of a

deceased person who at the time of his death resided in such county, and the court of ordinary having original and exclusive jurisdiction in the first instance of the probate of all wills, the superior court in the exercise of its equity powers has no jurisdiction to enjoin the custodian of an alleged will from offering it for probate; nor to decree, for any reason, the cancellation of an alleged will upon which no action has ever been taken by the court of ordinary." See also *Adams* v. *Johnson,* 129 *Ga.* 611 (59 S. E. 269); *Field* v. *Brantley,* 139 *Ga.* 437 (77 S. E. 559). Under the facts of this case, if the deed which it is sought to set aside is valid, title passed to the defendant; but if the deed is not valid for any of the reasons alleged, then the title to the property passed under the will of February, 1932, unless that will, for some legal reason, should be declared invalid. In order for the plaintiff to obtain the relief sought in the present proceeding, it would be necessary for the court to cancel the will and the deed; but as the case stood at the time of the filing of this petition, the plaintiff had no apparent interest in the property which is the subject-matter of the suit.

In *Murray* v. *McGuire,* 129 *Ga.* 269 (58 S. E. 841), it was held: "A petition by the sole heirs at law of the maker of a deed, to cancel the deed, is properly dismissed where it appears therefrom that the grantor left a will devising the same land, which will has been offered for probate, and a caveat thereto filed by the heirs at law, and the issue thereby made is still pending and undetermined in the court of ordinary." In the opinion the court said: "The plaintiffs sue as heirs at law of John Murray; yet their petition discloses that he left a last will and testament, which has been offered for probate, and a caveat thereto filed, which is still pending and undetermined in the court of ordinary. If the will be admitted to probate, the land therein devised would pass under the will, and the plaintiffs, as distributees of John Murray, would have no interest in it. The will purports to convey the same land described in the deed. The petition is silent as to the person who offered the will for probate, but most probably it was offered by the defendant, because he was one of the nominated executors, and the devisee of the testator's entire estate in remainder, and the only person interested in the estate except the plaintiffs, who are objecting to the probate of the will. If the will is probated upon the application of the defendant, it may be that he would be put to his election to claim

under the will or the deed. . . If the will be probated, the maximum interest in the land which the widow can claim thereunder would be only a life-estate, and a subsequent controversy may arise between herself and the defendant as to the validity of the deed sought to be canceled in this proceeding. In this controversy her co-plaintiff would have no interest; and her right to prosecute the suit would be, not as a distributee, but as a legatee under the will, or as a dowress. Hence the plaintiffs, as heirs at law, can not maintain this proceeding to cancel the deed until it is determined that the decedent from whom they claim to derive their title died intestate. This issue can not be collaterally tried in the superior court in the present proceeding. The court of ordinary has exclusive and original jurisdiction in the matter of the probate of wills. See Civil Code, § 4232. Where a will has been proved in common form, the judgment of probate can not be collaterally impeached in the superior court by any pleading attempting to raise the issue of devisavit vel non. *Maund* v. *Maund,* 94 *Ga.* 479 (20 S. E. 360); *Langston* v. *Marks,* 68 *Ga.* 435. The superior court has no power to set aside a will which has been admitted to record. *Tudor* v. *James,* 53 *Ga.* 302. For a stronger reason the superior court is without jurisdiction to interefere with the court of ordinary in the probate of a will, in order to determine whether the person under whom the plaintiffs claim died testate or intestate." See also *Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700).

One ground on which the plaintiff insists that the court had jurisdiction is that there was an ademption of the legacy created by the will. Section 3908 of the Code has the following provision on the subject: "Ademption of legacy. A legacy is adeemed or destroyed, wholly or in part, whenever the testator, after making his will during his life, delivers over the property or pays the money bequeathed to the legatee, either expressly or by implication, in lieu of the legacy given; or when the testator conveys to another the specific property bequeathed, and does not afterward become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy. If the testator attempts to convey and fails for any cause, the legacy is still valid." We do not think that an ademption of the legacy is shown by the allegations of this petition. The deed which is relied upon to show ademption is especially alleged to be void. If the deed is void, then there was

no transmission of the title from the estate of the original owner to the grantee in the deed. If it was void, it was of no effect and could not amount to an ademption. We are therefore of the opinion that the court did not err in dismissing the petition and leaving the question of the validity of the will to be determined in the court of ordinary. If it there be determined that the will is invalid for the reasons alleged, then the question of the validity of the deed may be tested. It follows that the judgment should be

*Affirmed. All the Justices concur.*