MOODY *v.* McHAN.

· No. 11958.  October 7, 1937.

*Tye, Thomson & Tye,* for plaintiff in error.
*B. L. Milling* and *Mitchell & Mitchell,* contra.

Bell, Justice.   C. C. McHan filed a suit in equity against his sister, Mrs. Eva Morris Moody.   After two amendments to the petition, the court overruled a general demurrer, and the defendant excepted.   The petition as amended alleged the following: On December 23, 1935, Benjamin H. Morris, an uncle of these parties (who died on June 21, 1936, a resident of DeKalb County), made a last will and testament in which he bequeathed to the plaintiff and the defendant each a half undivided interest in described real estate, share and share alike, in fee simple.   A copy of the devise to this effect is quoted in the petition.   "Said will is of record in the office of the court of ordinary of [DeKalb County], same having been filed in said office and probated in common form in said court of ordinary."   On February 29, 1936, after the will was executed, the testator executed to the defendant a deed conveying all of such real estate to her in fee simple, including the interest bequeathed to the plaintiff by the will, a copy of the deed being attached to the petition as an exhibit.   The testator had been sick for a long time, and was in the hospital for some time before his death; and at the time this deed was executed he was not of sound mind and was not mentally capable of executing the deed, and it is not his free act and deed.   He did not in any lucid interval afterward ratify the execution of the deed; and therefore no title passed to the defendant.   The testator was taken to a hospital in Atlanta on or about December 19, 1935, where he remained as a patient until about February 17, 1936, when he was moved by the defendant to her home in Atlanta.   He remained at her home until his death; and while there he is purported to have executed the deed in question.   This deed, though void, is a cloud upon the plaintiff's title and subjects him to present annoyance, and its cancellation is necessary to his perfect pro-

tection. Unless a court of equity restrains the defendant from disposing of the property, it will probably be disposed of for a valuable consideration to a bona fide purchaser, and the plaintiff will thereby lose his right, title, and interest in the property. The defendant is insolvent and unable to respond in damages. W. H. Morris, who was named in the will as executor, qualified by taking the oath of office, and has paid all of the debts of the testator, and rightfully ought to assent to the vesting of the devise of a half undivided interest in the property to the plaintiff; but he "capriciously refuses his assent to said devise, and asserts that said property was deeded away before the death of the testator, and was not part of the estate to be administered by him." "Said executor declares that he will not assent and never would have assented to said devise at any time, and will not aid petitioner in the recovery of said land. Said executor has failed to take possession of said land in behalf of said estate, and repudiates its ownership by the testator at the time of his death, and is colluding with the defendant to unjustly deprive petitioner of his rights in said land." The petitioner has no adequate remedy at law, and irreparable damages will be suffered by him unless a court of equity takes jurisdiction. The petition contains prayers: (a) that the deed executed by the testator to the defendant be set aside and canceled; that the defendant be restrained and enjoined from claiming any estate, title, or interest in the premises described in such deed, and that the plaintiff be decreed the owner thereof and entitled to the possession of the same. (b) For interlocutory injunction, etc.

The defendant (plaintiff in error) contends that since the will has been probated only in common form it is not conclusive, and therefore that the plaintiff has no such vested or certain interest in the property by virtue of the alleged devise as would authorize a suit for cancellation; also, that since it does not appear that the executor has assented to the legacy, or consented to suit by this plaintiff, such an action, if maintainable by any one, should have been brought by the executor instead of the plaintiff as an alleged devisee. These are the main contentions, although still others are made and will be embraced in the following discussion. It does not appear that any application to probate the will in solemn form is pending; and under the facts alleged the probate

of the will in common form is sufficient, as between these parties, to establish a valid devise, subject only to assent by the executor. In *Maund* v. *Maund,* 94 *Ga.* 479 (20 S. E. 360), it was held that executors had the right to proceed with administration after the probate of the will in common form, and that the issue of devisavit vel non could not be collaterally raised. In *Hooks* v. *Brown,* 125 *Ga.* 122 (53 S. E. 583), it was again held that a judgment of probate in common form can not be collaterally attacked. The petition alleges that all debts of the testator have been paid by the executor, and alleges other facts from which it appears that the plaintiff ought not to be defeated merely because the executor has not assented to the legacy. The duty of an executor "begins and ends with the collection of the assets of the estate, and paying the debts and legacies." *Printup* v. *Trammel,* 25 *Ga.* 240, 242; *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214); *Pate* v. *Newsome,* 167 *Ga.* 867 (2) (147 S. E. 44). Where it appears that the debts have been in fact paid, assent to legacies will be implied or should be ordered (*Webb* v. *Hicks,* 117 *Ga.* 335 (3), 43 S. E. 738), since an executor can not destroy a legacy by capriciously withholding assent. Code, § 113-802.

The allegation as to payment of debts was sufficient to withstand the general demurrer; and even if the executor could not be compelled to give assent to the legacy before the expiration of twelve months from his qualification, the averments are sufficient to show such an interest in the property as may be protected by a court of equity in a proper case. As to the protection of inchoate rights, see *Ezell* v. *Mobley,* 160 *Ga.* 872 (129 S. E. 532). Concerning the relief of cancellation, and as to what may be canceled, it was held in *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538 (17 S. E. 663), that anything which would force the complainant to attack the adverse title, or to exhibit his own, would be a cloud; anything which would not have this effect would be no cloud. In the opinion it was said: "There is a vast distinction between a deed which purports to have derived its existence through the true owner of the original and paramount title, and a deed executed by one unconnected with, and an entire stranger to, such title. There would be abundant reason to regard with apprehension a conveyance which, though really void because of some latent infirmity, bears apparently the stamp of force and validity, and assumes to

trace its way through connecting links back to the fountain head from which flowed the original title. On the other hand, an instrument which springs from no definite source of right whatsoever can never properly be considered a cloud upon title." The claim of the defendant in this case derives its existence "through the true owner of the original and paramount title," and is thus to be distinguished from a deed from an entire stranger. Compare *Weyman* v. *Atlanta,* 122 *Ga.* 539 (50 S. E. 492) ; *McMullen* v. *Cooper,* 125 *Ga.* 435, 438 (54 S. E. 97). It appearing from the allegations that the plaintiff and the defendant claim under a common propositus, further averments in regard to the plaintiff's ownership were not required, provided the claim as made by him under such common owner appears to be valid. *Mentone Hotel & Realty Co.* v. *Taylor,* 161 *Ga.* 237 (2) (130 S. E. 527).

In *McGehee* v. *Pope,* 167 *Ga.* 622 (146 S. E. 455), it was held: "Where a person, having a wife and daughter, makes a will disposing of all of his property, in which will both the wife and daughter are devisees, and afterwards executes a deed conveying to the wife certain real estate which constitutes the bulk of his property, which the daughter alleges is null and void because obtained by fraud and undue influence, and should for this reason be canceled, the daughter has such an interest, pending the probate of the will, as will entitle her to injunctive relief, restraining the grantee in the deed from disposing of the property thereby conveyed, and for cancellation of the deed, either as devisee if the will is set up or as heir at law if it is not set up. In *Murray* v. *McGuire,* 129 *Ga.* 269 (58 S. E. 841), and *Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700), the plaintiffs were proceeding solely in their capacity as heirs at law, and not in the alternative capacity of devisees or heirs at law." To the same effect, see *McLarty* v. *Abercrombie,* 168 *Ga.* 742 (149 S. E. 30). "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself. . . There are exceptions to the above general rule, (1) in case of wild lands, and (2) where there is a distinct head of equity jurisdiction sufficient to support the action, as where deeds are obtained by fraud or other illegal means." *Mentone Hotel & Realty Co.* v. *Taylor,* supra. The alleged mental incapacity of the grantor in the deed which the plaintiff here

seeks to have canceled constitutes "other distinct head of equity jurisdiction," so that possession by the plaintiff is not required. *Morris* v. *Mobley,* 171 *Ga.* 224 (6) (155 S. E. 8); *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198).

But even if the plaintiff were not entitled to cancellation, it would not necessarily follow that the petition did not state a cause of action. "While the general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself . . under the uniform procedure act of 1887 it is competent for the plaintiff to obtain both legal and equitable relief in the same suit (*Gilmore* v. *Hunt,* 137 *Ga.* 272, 275, 73 S. E. 364); and where a plaintiff seeks to have the title to land declared to be in herself, in addition to cancellation and injunction, the fact that the plaintiff fails to show possession in herself does not prevent her from having the title to the property adjudged to be in her, although such fact would defeat the cancellation sought." *Miller* v. *Jennings,* 168 *Ga.* 101 (6) (147 S. E. 32). If a petition states a cause of action for any of the relief sought, a general demurrer thereto should be overruled. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333). Since it appears from the allegations that as to a half undivided interest the plaintiff and the defendant are asserting conflicting claims based on a common source, and since it further appears that as between themselves the claim of the plaintiff is superior, it really seems that the defendant should not be heard to speculate on what might be the fate of that claim in a contest between the plaintiff and others, such as heirs at law and creditors. The petition stated a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*