## BOWMAN *et al.* *v.* BOWMAN.

No. 16801. NOVEMBER 15, 1949. REHEARING DENIED DECEMBER 1, 1949.

*James L. & Will G. Moore,* for plaintiffs in error.

*Poole, Pearce & Hall* and *Margaret Hills,* contra.

HEAD, Justice. ▓ If there is a legal representative of an estate, the right to recover realty is in such legal representative; and if there is none, the heirs may sue in their own name. Code, § 113-901. Upon the appointment of an administrator, the right to recover possession of the estate from third persons is solely in him; but if there is no administrator, or if the administrator consents, the heirs may recover realty in their own name. § 113-907. It is the general rule in Georgia that, before heirs at law of an intestate can recover land, they must allege and prove that there is no administration upon his estate; or, if there is an administrator, that he has consented to their bringing the suit. *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44); *Crummey* v. *Bentley,* 114 *Ga.* 746 (40 S. E. 765); *Strickland* v. *Fender,* 142 *Ga.* 132 (82 S. E. 561); *Yerbey* v. *Chandler,* 194 *Ga.* 263 (21 S. E. 2d, 636); *Clark* v. *Woody,* 197 *Ga.* 683 (30 S. E. 2d, 181). Where the administrator makes a collusive conveyance for the purpose of defrauding those interested in the estate and obtaining a benefit to himself, and refuses to give consent

for the heirs to sue, they may bring an equitable action against the administrator and the persons charged with being in collusion with him, for the purpose of protecting their rights. *Kinard* v. *George,* 142 *Ga.* 111 (82 S. E. 560) ; *Purvis* v. *Askew,* 148 *Ga.* 79 (95 S. E. 964).

In the present case, the plaintiff (defendant in error in this court), claiming to be the sole heir at law of her husband, alleges that a named person has been appointed as temporary administratrix, and names the administratrix as a party defendant. Such temporary administratrix has no power or authority to institute and maintain an action for the recovery of land. *Banks* v. *Walker,* 112 *Ga.* 542 (37 S. E. 866). Nor can such temporary administratrix consent to such an action being brought. *Doris* v. *Story,* 122 *Ga.* 611, 614 (50 S. E. 348) ; *Grooms* v. *Mixon,* 150 *Ga.* 335, 336 (103 S. E. 845). A temporary administrator "takes no interest in land of the estate, and can not bring an action for its recovery or consent to such an action being brought." *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292).

If the plaintiff's caveat to the will of her husband should be sustained, a permanent administrator might be appointed on the husband's estate, since the petition shows that the property is encumbered by a lien, and in such event the right to recover the real estate would be in him. A temporary administrator can neither sue to recover land nor consent to such suit by an alleged sole heir of the deceased. It is not alleged that the temporary administratrix has been in collusion with the defendant to defraud the plaintiff in any manner, and the temporary administratrix is not a proper party defendant.

Under the allegations of the petition, the wife does not show such an interest in her husband's estate as will support an action by her for cancellation of the quitclaim deed. Until such time as it may be determined that the husband died intestate, the wife can not maintain an action to cancel the deed. *Murray* v. *McGuire,* 129 *Ga.* 269, 270 (58 S. E. 841) ; *Turner* v. *Holbrook,* 145 *Ga.* 603, 604 (89 S. E. 700) ; *Elliott* v. *Johnson,* 178 *Ga.* 384, 386 (173 S. E. 399) ; *Benton* v. *Turk,* 188 *Ga.* 710, 722 (4 S. E. 2d, 580).

The above ruling is not in conflict with *McGehee* v. *Pope,* 167 *Ga.* 622 (146 S. E. 455), *McLarty* v. *Abercrombie,* 168 *Ga.* 742,

746 (149 S. E. 30), *Moody* v. *McHan,* 184 *Ga.* 740 (193 S. E. 240), and similar cases, where the plaintiffs were devisees under the will of the deceased and therefore parties with an interest in the realty.

■ The petition does not allege that the return of the appraisers on the plaintiff's application for a year's support was ever recorded, nor does it allege that a judgment has been rendered by the ordinary making the return of the appraisers the judgment of the court of ordinary. In *Watson* v. *Watson,* 143 *Ga.* 425 (85 S. E. 324), it was held: " 'Where commissioners are appointed by the ordinary to set apart and assign to a widow and her minor children a year's support, and the commissioners make their return, and no objections are filed thereto, such return does not become effective as a judgment of the court of ordinary until it is recorded.' " In *Howard* v. *Davis,* 192 *Ga.* 505, 507 (15 S. E. 2d, 865), it was held: "A year's support to be enforceable must be manifest in a judgment. It is not in existence as such until such judgment."

The allegations of the plaintiff with reference to a year's support in the property described in the quitclaim deed are insufficient to show any title in the plaintiff in the property described in the return of the appraisers. The petition further shows, however, that the defendant has filed a caveat to the plaintiff's application, and that this proceeding is now pending on appeal in the superior court. If the caveat filed by the defendant to the application for year's support should be finally sustained, the plaintiff would have no interest in the property under the year's support proceedings. A claim of an interest or title, which may never ripen into an actual interest in, or title to, lands, is insufficient to support an action for cancellation of a deed. *Flannery* v. *Hightower,* 97 *Ga.* 592 (25 S. E. 371); *Crawford* v. *Crawford,* 143 *Ga.* 310 (85 S. E. 192).

■ The prayers of the petition that, "pending this litigation," a temporary receiver be appointed, and that the defendant be enjoined from interfering with the receiver's possession, are not prayers for injunctive relief in aid of any rights of the wife by reason of her caveat to the purported will of her husband, or her application for year's support, both of which proceedings are pending on appeal in the superior court. Compare *Turner* v. *Holbrook,* supra.

'The petition in the present case fails to state a cause of action for any of the equitable relief prayed, and the trial court erred in overruling the general demurrers.

*Judgment reversed. All the Justices concur, except Almand, J., who is disqualified.*