20546.   McKIE *et al. v.* McKIE, Executor, *et al.*

Argued July 13, 1959—Decided September 11, 1959.

*Maurice Steinberg,* for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers, R. William Barton, Jos. B. Cumming,* contra.

Candler, Justice.   Josiah M. McKie, Sr., and his wife Lillian McKie separated in 1935.   She sued him for alimony in 1950, and on May 27 of that year, and by a contract which was subsequently made the judgment of Richmond County Superior Court, he gave her $1,500 in cash, the remainder interest in 115 acres of land, paid her attorney $200 for services rendered her in the alimony proceeding, and gave her the right to purchase the remaining 25 acres of land he owned, at and for the best bona fide offer he might thereafter receive for it from any third person, provided she elected to purchase it within 15 days after receiving written notice from him of such offer; and the settlement contract also provides that his life estate in the 115-acre tract will immediately terminate and vest in her if she purchases the 25-acre tract from him.   On July 20, 1950, he executed a will, by the terms of which he bequeathed his entire estate, including the 25-acre tract, to W. H. McKie, Sr., his nephew.   Subsequently and during 1951, he received an offer of $10,000 for the 25-acre tract from W. H. McKie, Sr.   He notified his wife of the offer and called her attention to her right to purchase it at that price within 15 days, and she refused to exercise her right of purchase, claiming that the offer he had was not a bona fide one.   On February 21, 1951, he conveyed the tract to W. H. McKie, Sr., by a warranty deed,

which recites a consideration of $10,000 and acknowledges full payment of such purchase price. He died on August 15, 1956, and his will was probated in common form on August 23, 1956, and letters testamentary were isued to W. H. McKie, Sr., the nominated executor, who later sought to probate the will in solemn form, and Mrs. Lillian McKie and her three adult children filed a caveat on the grounds of undue influence and lack of testamentary capacity. On these grounds probate in solemn form was denied. In due time, an appeal was entered to the Superior Court of Richmond County by the propounder, and the proceeding is still pending for a de novo trial in that court. After the appeal was so entered and on February 10, 1958, Josiah M. McKie, Jr., Dalton R. McKie, and Katherine McKie Folk, alleging themselves to be the children of Josiah M. McKie, Sr., and his sole heirs at law, filed a suit against W. H. McKie, Sr., in his individual capacity and as "de facto" executor of the decedent's estate, in which they prayed for cancellation of the deed their father made him on February 21, 1951. Their petition also named Mrs. Lillian McKie, their mother, in her representative cacapity as temporary administratrix of the estate of Josiah M. McKie, Sr., as a party defendant, but as to her no relief was sought. In addition to the facts stated above, their petition in substance alleges that the deed sought to be canceled is void because of: (1) specified acts of undue influence, which the grantee exercised over the grantor in obtaining it; (2) a lack of mental capacity on the grantor's part to execute a valid contract at the time of its execution and delivery; and (3) its want of any consideration whatsoever. The exception is to a judgment dismissing the petition on general demurrer.

The plaintiffs sue as sole heirs at law of Josiah M. McKie, Sr., their deceased father; yet their petition discloses that he left a will, by the terms of which he gave all of his property to the defendant W. H. McKie, Sr.; that his will has been offered for probate in solemn form; that a caveat has been filed thereto by these plaintiffs and the defendant Mrs. Lillian McKie, their mother; that an appeal from a judgment denying probate in solemn form has been timely entered by the propounder; and that the issue made by the application for probate and the

caveat is still pending for trial in the Superior Court of Richmond County. If the propounder is successful in probating the will, the land described in the deed which the plaintiffs seek to cancel will, under the terms of the will, vest in him; and the plaintiffs as the children and sole heirs at law of Josiah M. McKie, Sr., would have no interest in it. Respecting the status of Mrs. Lillian McKie as to the estate of Josiah M. McKie, Sr., her deceased husband, see *McKie* v. *McKie*, 213 *Ga.* 582 (100 S. E. 2d 580). Hence, the plaintiffs, as heirs at law of their deceased father, cannot maintain their proceeding to cancel the deed which he made to the defendant W. H. McKie, Sr., until it is finally determined by a court of competent jurisdiction that the decedent under whom they claim died intestate; and this proposition is well settled by the unanimous holdings of this court in *Murray* v. *McGuire*, 129 *Ga.* 269 (58 S. E. 841) ; *Turner* v. *Holbrook*, 145 *Ga.* 603 (89 S. E. 700) ; and *Elliott* v. *Johnson*, 178 *Ga.* 384, 386 (173 S. E. 399). See also *Bowman* v. *Bowman*, 206 *Ga.* 262 (56 S. E. 2d 497), which was decided by six members of the court, and which followed the rulings made in the four unanimous decisions just cited. Since the plaintiffs as heirs at law of Josiah M. McKie, Sr., the maker of the deed they seek to cancel, are presently in no position to maintain their suit for such relief, the court did not err in dismissing their petition on general demurrer. *Murray* v. *McGuire*, supra, and the cases there cited.

*Judgment affirmed. All the Justices concur.*