43403. MORGAN v. MORGAN.
(347 SE2d 595)

WELTNER, Justice.

Thomas Morgan died, leaving his entire estate to his widow to the exclusion of his sons. The sons filed suit against the widow, alleg-

ing that through intentional and wrongful conduct she caused their father to deplete his estate during his lifetime, thereby interfering with their expectancy in the estate. They alleged that she isolated their father from his children and his employees; that she purchased alcohol for him, knowing of its addictive effect; that she caused him to require employees to purchase items for her and charge them as business expenses; that she induced him to make expensive purchases for her, and to borrow against his retirement fund to purchase real estate in her name; and that she induced him to execute a will to her sole benefit. They also alleged intentional infliction of emotional distress.

The widow moved to dismiss the action on the grounds that the superior court lacked subject matter jurisdiction because a probate proceeding was pending, and that the complaint failed to state a claim upon which relief could be granted. The trial court denied the motion and we granted her interlocutory appeal to determine whether the complaint states a claim.

1. The sons contend that *Mitchell v. Langley*, 143 Ga. 827 (85 SE 1050) (1915), supports their claim of tortious interference with economic expectancy. There we held that "where an intending donor, or testator, or member of a benefit society, has actually taken steps toward perfecting the gift, or devise, or benefit, so that if let alone the right of the donee, devisee, or beneficiary will cease to be inchoate and become perfect, we are of the opinion that there is such a status that an action will lie, if it is maliciously and fraudulently destroyed, and the benefit diverted to the person so acting, thus occasioning loss to the person who would have received it." Id. at 835.

2. To the extent that the sons' claim is one based upon expected inheritance or gift, the superior court has no jurisdiction over it while probate proceedings are pending. OCGA § 15-9-30. See *Elliott v. Johnson*, 178 Ga. 384 (173 SE 399) (1934). The sons contend, however, that they expected to receive economic benefits from their father during his lifetime, but that his assets were depleted by his widow. Such a claim is not supported by the rationale of *Mitchell*, supra, and the sons, individually, have no standing to assert it. If their caveat succeeds, they would have standing, as beneficiaries of the estate, to pursue such a claim on behalf of the estate.

3. The sons also assert a claim for the intentional infliction of emotional distress. "The alleged wrongful [conduct by the widow] was not, as a matter of law, an event so humiliating, insulting, or terrifying so as to have come within the ambit of a cause of action for intentional infliction of emotional distress." *East River Savings Bank v. Steele*, 169 Ga. App. 9, 10 (311 SE2d 189) (1983). Nor does the alleged wrongful conduct evince a reckless disregard of consequences. See *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984).

The sons fail to state a claim upon which relief can be granted. The action should have been dismissed, and the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Lokey & Bowden, Glenn Frick, Totsy Nichols,* for appellant.
*Doster, Allen & King, Simuel F. Doster, F. Carlton King, Jr.,* for appellee.