## 44324. JENKINS v. FINCH.
(357 SE2d 587)

HUNT, Justice.

In 1979, John Bunyan Finch died testate in Brooks County, Georgia, and his will was filed there for probate. Appellant Lillian Jenkins is Finch's daughter from his first marriage. Herschel Finch is his son from his second marriage to Ethel Finch. Lillian and Herschel are co-executors of his estate. In his will, Finch left his farm and savings of about $110,000 as a life estate for Ethel, to whom he had been married for 52 years, with the remainder to be divided equally between Lillian and Herschel. In 1982, Lillian lodged a complaint against Herschel and Ethel in the Superior Court of Thomas County for an accounting and for an injunction relating to the disposition of the savings, which were mostly in certificates of deposit. She amended her complaint in 1985, seeking equitable relief in protecting her interest in the savings deposits from which she alleges Ethel and Herschel had removed her name, and further seeking to enforce by specific performance an agreement which she contended was reached among the three of them. In April of 1986, a hearing on the temporary issues raised in her complaint was conducted, but the record before us does not reveal that any order was entered as to the merits of those issues.

Thereafter, in October 1986, defendants Ethel and Herschel moved to dismiss the complaint on the ground that it failed to state a claim for equitable relief so as to involve the jurisdiction of the superior court. They contended that her claim should be brought in the Brooks County Probate Court where the estate was still pending. The

trial court agreed and dismissed her complaint.[1]

We reverse. OCGA § 23-2-91 (2) provides that "[e]quity will not interfere with the regular administration of estates, except upon: . . . (2) Application of any person interested in the estate where there is danger of loss or other injury to his interests." Lillian asserts such an interest and the trial court erred in dismissing her complaint. See also *Reynolds v. Bowles*, 213 Ga. 534 (1) (100 SE2d 198) (1957), for the proposition that an agreement to settle an estate may be enforced in a court of equity.

*Judgment reversed. All the Justices concur. Marshall, C. J., disqualified.*

DECIDED JULY 9, 1987.

*Charles F. Johnson, T. Jack Morse,* for appellant.
*Walter H. New,* for appellee.

---

[1] While the dismissal order recites that the trial judge reviewed the file and the depositions, we do not view his order of dismissal as one reaching the merits of the claims.