S97A1487. JULIAN et al. v. BROOKS et al.
(495 SE2d 569)

BENHAM, Chief Justice.

This appeal is from an order dismissing an equitable action to cancel certain deeds and transactions. The parties are the four daughters of the late Lynell Moore. Two daughters, appellants, were excluded from Moore's will, which left everything to appellees, the other two daughters. After the will was offered for probate by the appellee who was designated executrix, appellants filed a caveat in that proceeding and then filed this action in superior court seeking to enjoin alienation of any part of their mother's estate; to cancel two inter vivos real estate conveyances from Moore to appellees; and to cancel certain transactions in which the names on certificates of deposit were changed, and to include the certificates of deposit in the estate of Moore. The trial court dismissed the complaint for failure to state a claim, holding that appellants lack standing to bring an action as heirs at law unless and until the will offered for probate is rejected by the probate court.

To the extent a claim is based on an expected inheritance, the superior court has no jurisdiction over it while probate proceedings are pending. *Morgan v. Morgan,* 256 Ga. 250 (347 SE2d 595) (1986). Plaintiffs who base a claim on their status as heirs at law of a decedent cannot maintain a proceeding to cancel deeds executed by the decedent in favor of the defendant until it is finally determined by a court of competent jurisdiction that the decedent died intestate. *McKie v. McKie,* 215 Ga. 312 (110 SE2d 372) (1959); *Bowman v. Bowman,* 206 Ga. 262 (56 SE2d 497) (1949). "[T]he plaintiffs, as heirs at law, can not maintain this proceeding to cancel the deed[s] until it is determined that the decedent from whom they claim to derive their

title died intestate. This issue can not be collaterally tried in the superior court in the present proceeding." *Elliott v. Johnson*, 178 Ga. 384, 387 (173 SE 399) (1934).

The inescapable effect of the cited cases, indistinguishable on their facts from the present case, is a determination that appellants lack standing to invoke the equitable jurisdiction of the superior court. As the trial court correctly noted, appellants' claims turn ultimately upon the resolution of the disputed issues in probate court: if the will is valid, appellees will take all of Moore's estate, so even if the deeds were voided and the certificates of deposit were included in the estate as appellants demanded, those items would become part of the estate which appellees would take in full; and if the will is invalid, then appellants will be on an equal footing with appellees with regard to the estate and would have standing to seek the relief sought in this action, provided there is no administrator of the estate, or the administrator consents to the action, or special circumstances exist. See generally *Bowman v. Bowman*, supra. Since the probate matter is still pending, appellants do not have standing to bring this action and the trial court was correct in dismissing it.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1998 —
RECONSIDERATION DENIED MARCH 6, 1998.

*William T. Whatley,* for appellants.
*Straughan & Straughan, Mark W. Straughan, Tom K. Smith,* for appellees.