A05A0810. MORGAN v. JOHNS et al.
(623 SE2d 219)

ELLINGTON, Judge.

Deloriouse Morgan, executrix of the estate of Kenneth Roscoe Mask, appeals from the trial court's grant of a request by Mask's daughters, Micky Johns and Sherry Johns, for an interlocutory injunction preventing Morgan from withdrawing or otherwise using certain funds pending the outcome of a challenge to Mask's will in probate court. Morgan contends that Mask's daughters lack standing to pursue this action and, therefore, that the trial court erred in denying her motion to dismiss. For the following reasons, we agree and reverse the court's order.

The record shows the following relevant facts. Mask had three children, two daughters (appellees herein) and a son, who is not a party to this appeal. For about three years prior to his death in June 2004, Mask had cancer and was in poor health, and Morgan took care of Mask. In March 2003, Mask executed a power of attorney in favor of Morgan. Then, in April 2004, Mask executed a last will and testament in which he named Morgan as sole executrix and sole beneficiary of his estate. Mask specifically excluded his three children from taking anything under the will. On the morning of June 2, 2004, Mask closed on the sale of some real estate property with the assistance of Morgan, who was acting under her power of attorney. Pursuant to the sale, Mask received a check in the amount of $734,250. According to Morgan, that same afternoon, Mask endorsed the check and gave it to her as a gift, instructing her to deposit it into her personal bank account. Morgan went to the bank and, at approximately 4:00 p.m., opened an account in her own name and deposited the check. Mask died at 6:00 p.m. that day, just hours after the real estate closing.

Morgan, as the named executrix, filed a petition to probate the will in solemn form in the Probate Court of Butts County. Mask's daughters filed a caveat and an objection to the nominated executor. They also filed a complaint against Morgan in the Superior Court of Butts County, alleging fraud, conversion, and breach of fiduciary duty, asking the court to set aside the gift, and asking for a temporary restraining order and an interlocutory injunction. The daughters contended that a restraining order or injunction was necessary to prevent Morgan from transferring or using the proceeds before the probate court proceeding was completed. Morgan filed a motion to dismiss the complaint, alleging the daughters did not have standing to pursue the superior court action. Following a hearing, the trial court denied the motion to dismiss and granted an interlocutory injunction preventing Morgan from withdrawing, converting to cash, or otherwise using the $734,250 in proceeds from the sale.

On appeal, Morgan contends the trial court erred in denying her motion to dismiss the complaint, arguing that Mask's daughters lack standing to bring the superior court action. Morgan argues that Mask died with a valid will and that the will specifically excluded the daughters, so the daughters have no interest in the estate and cannot pursue an equitable action to protect the estate's assets.

In response, the daughters rely on OCGA § 23-2-91 (2), which states that "[e]quity will not interfere with the regular administration of estates, except upon . . . [a]pplication of any person interested in the estate where there is danger of loss or other injury to his interests." They argue that, as heirs at law, they have an "interest" in the estate under OCGA § 23-2-91 (2) until Mask's will is proven to be

his "true and final will" in the probate court and, therefore, they have standing to pursue the equitable action to protect the estate's assets. In other words, the daughters argue that they have an "interest" in the estate until the will is proven to be valid. This argument, however, is directly contrary to rulings by the Supreme Court of Georgia that, when the decedent has left a will which specifically excludes an heir at law, the heir has no interest in the estate (and, therefore, no standing to ask for protection of the estate's assets) unless and until a probate court finds the decedent's will is invalid and the decedent died intestate.

For example, in *Julian v. Brooks*, 269 Ga. 167 (495 SE2d 569) (1998), the decedent left her entire estate to two of her daughters and specifically excluded her other two daughters. The excluded daughters filed a caveat in the probate proceeding and an equitable action in the superior court to enjoin any alienation of the estate's assets and to cancel certain inter vivos transactions made by the decedent. Id. In concluding that the daughters lacked standing in the superior court and affirming the trial court's dismissal of their suit, the Supreme Court found as follows:

> To the extent a claim is based on an expected inheritance, the superior court has no jurisdiction over it while probate proceedings are pending. Plaintiffs who base a claim on their status as heirs at law of a decedent cannot maintain a proceeding to cancel [the transfer of assets] by the decedent . . . *until it is finally determined by a court of competent jurisdiction that the decedent died intestate.*

(Citations omitted; emphasis supplied.) Id. As the Supreme Court recognized in *Julian*, the excluded daughters' claims ultimately turned upon the resolution of the disputed issues in probate court: if the will was determined to be valid, the daughters named in the will would take all of the mother's estate, so even if the challenged transactions were voided, those items would become part of the estate which the named daughters would take in full. Id. at 168. If the will was determined to be invalid, then the excluded daughters would be on an equal footing with the others with regard to the estate and would have standing to seek the relief sought in this action. Id. Therefore, as long as the probate proceeding was pending, the excluded daughters lacked standing in the superior court and the court properly dismissed their equitable claims. Id.; see also *Morgan v. Morgan*, 256 Ga. 250, 251 (2) (347 SE2d 595) (1986) (the decedent's sons, who were excluded in the decedent's will, did not have standing to pursue an equitable claim based upon an expected inheritance as long as probate proceedings were pending); *Bowman v. Bowman*, 206

Ga. 262 (56 SE2d 497) (1949) (the decedent's wife, who was not a legatee under the will, had no standing to pursue an equitable action in the superior court unless and until it was determined that the decedent died intestate).

The daughters in this case, however, argue that the rulings of *Julian* and *Morgan* are distinguishable because neither case involved fraud. Pretermitting whether this is, in fact, true,[1] this distinction does not affect the outcome in this case. The fraud claimed by the daughters in this case goes to the inter vivos gift of $734,250 in real estate sales proceeds from Mask to Morgan.[2] Even if the superior court set aside this gift based upon fraud by Morgan, the proceeds would simply go into Mask's estate, of which Morgan is the sole beneficiary. As with the plaintiffs in *Julian* and *Morgan*, supra, since Mask expressly excluded both of his daughters in his will from taking anything from the estate, the daughters have no basis for claiming an interest in these proceeds unless and until the will is set aside in the probate court and it is determined that Mask died intestate. *Julian v. Brooks*, 269 Ga. at 168; *Morgan v. Morgan*, 256 Ga. at 251 (2).[3]

Accordingly, because the probate proceeding is still pending in this case, Mask's daughters do not have standing to bring this equitable action in the superior court. The trial court's denial of Morgan's motion to dismiss and grant of the interlocutory injunction are reversed. This case is remanded to the trial court with directions to dismiss the plaintiffs' complaint.

*Judgment reversed and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 15, 2005 — 

*Shepherd & Johnston, Justin B. Grubbs*, for appellant.
*Greer, Stansfield & Turner, Robert H. Stansfield*, for appellees.

---

[1] In *Morgan*, the plaintiffs, who were the decedent's heirs at law, alleged that the decedent's spouse engaged in "intentional and wrongful conduct" which depleted the estate before it could be distributed. *Morgan v. Morgan*, 256 Ga. at 251.

[2] To the extent the daughters allege that Morgan caused Mask to change his will through fraud or undue influence, this is an issue that goes to the validity of the will and must be pursued and resolved in the probate court.

[3] Cf. *Jenkins v. Finch*, 257 Ga. 276 (357 SE2d 587) (1987); *Powell v. Thorsen*, 248 Ga. 697 (285 SE2d 699) (1982); *Vowell v. Carmichael*, 235 Ga. 387 (219 SE2d 732) (1975). Mask's daughters relied upon these cases, in arguing that they could pursue an equitable action in superior court while the probate court proceeding was pending. Unlike Mask's daughters, however, the plaintiffs in each of these cases were named beneficiaries in the decedents' wills.