S06G0576. JOHNS et al. v. MORGAN.

(635 SE2d 753)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Morgan v. Johns*, 276 Ga. App. 366 (623 SE2d 219) (2005), to consider whether the heirs at law in this case have an "interest in the estate" within the meaning of OCGA § 23-2-91 (2).[1] For the reasons which follow, we conclude that the heirs at law, though not beneficiaries under the purported will, have such a statutory "interest in the estate."

---

[1] OCGA § 23-2-91 (2) provides:

Equity will not interfere with the regular administration of estates, except upon:

. . .

(2) Application of any person interested in the estate where there is danger of loss or other injury to his interests.

The relevant facts are outlined in the opinion by the Court of Appeals. Deloriouse Morgan was Kenneth Roscoe Mask's caregiver for the last few years of his life, during which time he was in poor health. Mask executed a power of attorney in favor of Morgan in March 2003, and executed a last will and testament in April 2004, in which Morgan was named sole executrix and sole beneficiary of Mask's estate. Mask's son and two daughters, Micky Johns and Sherry Johns, were specifically excluded from taking anything under the will. On June 2, 2004, Morgan assisted Mask in closing a real estate sale. Mask received a check for $734,250 which he endorsed over to Morgan. Morgan, purporting to act on Mask's instructions that the money was a gift to her, opened a bank account in her name only and deposited the check. Mask died approximately two hours later.

After Morgan offered Mask's will for probate, Micky Johns and Sherry Johns filed a caveat to the will and an objection to Morgan as executrix. The Johnses also filed a complaint against Morgan in superior court, alleging fraud, conversion, and breach of fiduciary duty; they asked the court to set aside the alleged gift and to grant a temporary restraining order and an interlocutory injunction to prevent Morgan from using or transferring the money pending the outcome of the case. Morgan moved to dismiss the complaint for lack of standing. The superior court denied the motion to dismiss and granted an interlocutory injunction preventing Morgan, inter alia, from withdrawing, converting to cash, or otherwise using the $734,250 from the land sale.

On appeal to the Court of Appeals,[2] Morgan argued that the superior court erred in refusing to dismiss the complaint because Mask's daughters lacked standing to bring the action as they were excluded from taking anything under his will, consequently had no interest in the estate, and therefore, could not pursue an equitable action to protect the assets of the estate. The Johnses countered that, as heirs at law, they have an interest in the estate under OCGA § 23-2-91 (2), until the will is proven to be valid in the probate court, and therefore, they have standing to pursue the equitable action to protect the estate's potential assets.

The Court of Appeals concluded that the Johnses' arguments were "directly contrary" to rulings by this Court, specifically *Julian v. Brooks*, 269 Ga. 167 (495 SE2d 569) (1998); *Morgan v. Morgan*, 256

---

[2] This Court transferred the appeal to the Court of Appeals because then appellant Morgan invoked this Court's jurisdiction on the ground that it was an equity case; however, the only issues were the standing of the then appellees, the Johnses, and the jurisdiction of the superior court. The equitable relief was merely ancillary to the legal issues. See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999).

Ga. 250, 251 (2) (347 SE2d 595) (1986); and *Bowman v. Bowman*, 206 Ga. 262 (56 SE2d 497) (1949). *Morgan v. Johns*, supra at 368-369. Consequently, the Court of Appeals reversed the superior court's denial of Morgan's motion to dismiss and grant of the interlocutory injunction, and remanded the case to that court with direction that it dismiss the Johnses' complaint. Id. at 369. However, the Court of Appeals misapplied the holdings of this Court to conclude that the Johnses lack standing to bring the present action in superior court.

The cited precedents do not mandate dismissal of this case. *Julian v. Brooks*, supra, involved the dismissal of an equitable action to cancel certain deeds and transactions, in which some of the parties sought to enjoin alienation of part of the estate in question. While the superior court was asked to cancel, inter alia, certain inter vivos real estate conveyances, the gravamen of the action was not a request for injunctive relief to prevent the dissipation of assets allegedly passed outside the will. See also *McKie v. McKie*, 215 Ga. 312 (110 SE2d 372) (1959) (seeking cancellation of a deed). Moreover, in *Julian v. Brooks*, OCGA § 23-2-91 (2) was not at issue. This Court's analysis highlighted the fact that the claims in the superior court suit "turn[ed] ultimately upon the resolution of the disputed issues in probate court." *Julian v. Brooks*, supra at 168. The focus of the present action is the alleged inter vivos gift of money to Morgan, and not the validity, vel non, of Mask's will. The fact that the alleged gift, for whatever reason, might ultimately become part of Mask's estate does not transform the action into a challenge to the disposition of all of the assets of the estate. Nor does the possibility of the money being included in the estate diminish the superior court's authority to entertain an action to set aside the inter vivos transfer. See *Hodges v. Callaway*, 279 Ga. 789 (621 SE2d 428) (2005).

The cited case of *Morgan v. Morgan*, supra, does not mandate the Court of Appeals ruling either. It involved a suit by the testator's sons who were excluded under the will alleging wrongful conduct by their father's widow and the intentional infliction of emotional distress. The sons claimed that the widow induced their father to execute a will solely benefitting her and intentionally and wrongfully caused him to deplete his estate during his lifetime by giving him alcohol, isolating him, making him buy her expensive gifts, and forcing him to borrow against his retirement fund to purchase real estate in her name. This Court held that there was no support for a cause of action for "tortious interference with economic expectancy," and rejected the contention that the sons could assert the claim "that they expected to receive economic benefits from their father during his lifetime." Id. at 251 (2). Here again, the existence of an "interest in the estate" as contemplated by OCGA § 23-2-91 (2) was not part of the analysis.

Finally, the Court of Appeals' reliance on *Bowman v. Bowman*, supra, is likewise misplaced. In that case, the decedent's widow, who was excluded under the will, filed an action principally to cancel a quitclaim deed, and this Court concluded that the widow could not do so until such time as it might be determined that the husband died intestate, and distinguished other cases in which plaintiffs were devisees under a decedent's will. The case did not involve injunctive relief to prevent the dissipation of a potential asset of the estate as in the case at bar.

Contrary to the determination of the Court of Appeals, case law supports the Johnses, as heirs at law, having an "interest in the estate" for the purpose of invoking the aid of equity to preserve this potential asset of the estate. Certainly, a superior court may become involved in matters relating to the administration of estates where there is a danger of loss or other injury to a party's interest, or where equitable interference is required for the complete protection of the rights of the parties in interest. *Benefield v. Martin*, 276 Ga. App. 130, 131 (622 SE2d 469) (2005). This Court has defined "interest in the estate" in such a manner as to include equitable redress in superior court when adequate relief is otherwise unavailable. See *Jenkins v. Finch*, 257 Ga. 276 (357 SE2d 587) (1987) (superior court, as court of equity, had jurisdiction over remainder person's action under OCGA § 23-2-91 (2) seeking equitable relief when there was asserted danger of loss or other injury to remainder person's interests, although estate was still pending in probate court); *Jackson v. Jackson*, 206 Ga. 470 (57 SE2d 602) (1950) (for the purpose of bringing equitable action, persons "interested in estate" included widow seeking information concerning husband's estate when all persons provided for in will with exception of children were granted their legacies in probate court).

In fact, in *Foster v. Foster*, 207 Ga. 519 (63 SE2d 318) (1951), the specific contention was made, on motion for rehearing, that the heirs at law of the testatrix, not being named as devisees or legatees in the purported will, had no interest in the estate, and therefore, in essence, lacked standing to bring an equitable petition to have the judgment admitting the will to probate cancelled and set aside. This Court rejected such contention, concluding that the heirs at law, their rights and interests in the estate never having been severed by a valid probate, retained the right to seek equitable relief, and to hold otherwise would be to deny them due process of law. Id. at 527-528.

It is plain, that under OCGA § 23-2-91 (2), the heirs at law in this case have the right to petition the superior court for the equitable relief sought, namely an interlocutory injunction to protect potential assets of the estate pending the outcome of the probate proceedings. By granting such relief, the trial court implicitly determined that the

Johnses' interests, as heirs at law, were not adequately protected in the probate court so that the intervention of equity is warranted. See *Dawson v. Dawson*, 277 Ga. 850, 851 (597 SE2d 114) (2004). And so it is because if ultimately the will is struck down and the $734,250 invalidated as a gift to Morgan, these monies would become part of Mask's intestate estate. Consequently, the judgment of the Court of Appeals cannot stand.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Greer, Stansfield & Turner, Robert H. Stansfield,* for appellants. *Shepherd & Johnston, William G. Johnston III,* for appellee.